Samuel A. Spiegel, J.
Relator was sentenced on February 20, 1969 to the New York City Reformatory on indictment No. 4244/1968 New York County. On February 17, 1970, he was sentenced to the New York City Reformatory on indictment No. 2969/1969, Bronx County, said sentence to run concurrently with the prior sentence. On May 14, 1970 relator’s February 20, 1969 sentence was vacated.
He contends that the imposition of the February 17, 1970 reformatory sentence is illegal because the offense occurred while he was incarcerated in the city reformatory and thus, he should have received a definite 'sentence of up to one year. He urges that the provisions of article 75 of the Penal Law that forbid the imposition of a State reformatory sentence for any crime committed while the defendant is incarcerated in a State institution should be construed to also forbid the imposition of a city reformatory sentence for a crime committed while incarcerated in a city penal institution. It appears that this contention was rejected by the court on July 2, 1971 in a motion brought by the relator for resentence. It was noted therein *27 that “ [w]hile the argument is not without logical appeal the court is constrained to reject it on two grounds: (1) it is not a proper factual conclusion to equate the City penal system and the State penal system ” and “ (2) since the sentence is legal on its face the defendant must set forth some compelling reason to upset it. ’ ’
Section 75.00 (subd. 3, par. [d]) of the Penal Law deprives the court of the power to impose a reformatory sentence where the conviction is of a crime that was committed by a young adult during .incarceration in or after parole or release from an institution under the jurisdiction of the State Department of Correction. As noted in the Practice Commentary to said section in McKinney’s Consolidated Laws of New York (Book 39, p. 153): “This is a change in former practice. The primary purpose of the change is to prevent the use of a reformatory sentence for a misdemeanor committed after the offender has been exposed to the best efforts of the State correctional system.” There is explicit in article 75 a dichotomy between the State correctional system and local correctional institutions. For example, multiple local reformatory sentences are specifically provided for in subdivision 5 of section 75.20 of the Penal Law as follows: 1 ‘ When more than one local reformatory sentence of imprisonment is imposed on a young adult at the same time, or when a young adult who is subject to a local reformatory sentence imposed at a previous time receives an additional local reformatory sentence, the periods of the sentences shall run concurrently, and all of the sentences shall be treated as if they had commenced at the time of the first to commence and terminate at the time.of the first to terminate.” Subdivision 8 of section 75.20 of the Penal Law emphasizes the different approaches taken in respect of local reformatory and State institution sentences by providing for merger of the former into the latter — “ Where a person is under both a local reformatory sentence and an indeterminate sentence of imprisonment, or a reformatory sentence of imprisonment authorized by section 75.00, imposed at the same or at different times, the local reformatory sentence shall be satisfied by service of the other sentence of imprisonment. Any person who is under a local reformatory sentence at the time an indeterminate sentence, or a reformatory sentence authorized by section 75.00, is imposed shall be delivered to the custody of the state department of correction to commence service of the new sentence immediately.”
The maximum duration of the commitment to a local institution is three years rather than the four years applicable to *28 State institutions. The reason for this distinction is that “ the diversity of facilities that could he established on a local basis would not be nearly as great as the diversity of State facilities (e.g., reception center, regular institutions, forestry camps, and wide variety of training facilities with possibility of transfers back and forth. Moreover, it is probable that the less hardened offenders would be committed to the local institutions ” (Practice Commentary, McKinney’s Cons. Laws of N. Y., Book 39, § 75.20, p. 161). Accordingly, it may be seen that article 75 of the Penal Law specifically distinguishes between incarceration in a State institution and in a local institution. The rationale for this legislative distinction appears to rest on the difference between the programs and facilities of State institutions as contrasted with local institutions.
The relator raises additional claims concerning the propriety of his plea of guilty. Treating the instant application as one for a writ of error coram nobis does not alter the relator’s burden as to proof. The mere averment of fraud and misrepresentation not supported factually cannot serve as the predicate for coram nobis relief (People v. White, 309 N. Y. 636).
Accordingly the application is denied, the writ is dismissed and the relator is remanded.