■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM MONROIG, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Browne, J.), rendered January 24, 1984, convicting him of murder in the second degree, attempted robbery in the first degree (three counts), and criminal use of a firearm in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

The contentions of error raised in defendant's main brief concerning the charge to the jury are unpreserved because when asked whether he had any exceptions to the charge defendant's attorney responded negatively.

During the trial a witness testified that he had previously failed to identify the defendant from a group of photographs. Counsel moved for a mistrial because this information had not been furnished to him pursuant to his request. CPL 710.30 (1) states that the People must furnish such information only if the witness "has previously identified [the defendant] as such". There was no violation of CPL 710.30 because the only identification was made during trial.

Defendant argues in his *pro se* supplemental brief that the court improperly failed to charge the jury with respect to identification. However, at the conclusion of its charge, counsel did not

take an exception nor ask for additional instruction. Therefore, the question was not preserved for review on appeal (*People v Nocera,* 107 AD2d 768). In any event, during the charge the court instructed the jury to carefully weigh what each witness stated he heard or saw, emphasizing that the burden of proof was on the People. Lazer, J. P., Gibbons, Brown and O'Connor, JJ., concur.