■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY BLEAKLEY and JEFFREY J. ANESI, Appellants.—Appeal by the defendants (1) from two judgments (one as to each of them), of the County Court, Westchester County (West, J.), both rendered November 7, 1985, convicting them of rape in the first degree (two counts), sodomy in the first degree and sexual abuse in the first degree, upon jury verdicts, and imposing sentences; and (2) by permission, from an order of the same court, entered June 12, 1987, which denied, without a hearing, the defendants' applications pursuant to CPL 440.10 to vacate the judgments rendered November 7, 1985. After the judgments were affirmed by this court *(People v Bleakley,* 125 AD2d 687), the case was remitted to this court by the Court of Appeals for further proceedings *(People v Bleakley,* 69 NY2d 490).

Ordered that the judgments and order are affirmed, and the case is remitted to the County Court, Westchester County, for further proceedings pursuant to CPL 460.50 (5) with respect to the defendant Anesi.

The defendants stand convicted of charges arising out of the rape and sexual assault upon the complainant in Westchester County during the early morning hours of March 29, 1985. This court's original decision described in great detail the facts surrounding the attack and the evidence against the defendants. The majority of the court concluded that the evidence was sufficient to support the jury verdict *(see, People v Bleakley,* 125 AD2d 687, *supra).* On appeal, the Court of Appeals affirmed this court's determination that the evidence was legally sufficient to sustain the verdicts of guilt and remitted the matter for a factual review of the evidence *(see, People v Bleakley,* 69 NY2d 490, *supra).* Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]). Although certain inconsistencies existed in the complainant's testimony, it is well established that "[g]reat deference is

accorded to the fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor" *(People v Bleakley, supra,* at 495). Based on the evidence in this case, we find no basis to disturb the jury's determination.

The defendants' CPL 440.10 motion is based, in part, on claims of ineffective assistance of their trial counsels. The defendants premise their claim, in the first instance, upon trial counsels' failure to cross-examine the complainant as to inconsistencies in her trial testimony and prior statements regarding the condition of her clothes after the attack, the content of her conversation with her friend following the rape, and whether her attackers dragged her from the car during the assault. Secondly, the defendants claim that their counsels were ineffective by reason of their failure to request *Brady (see, Brady v Maryland,* 373 US 83) material with regard to the complainant's background. The defendants submit that such a request would have revealed, *inter alia,* that the complainant had been arrested for shoplifting approximately 10 years prior to the instant crime and received an adjournment in contemplation of dismissal. Thirdly, the defendants assert that trial counsels should have sought as *Brady* material an explanation as to why the prosecution chose not to call the complainant's girlfriend, Jodi, as a prosecution witness. Jodi had been with the complainant for several hours during the evening previous to the attack. During that time, the two women visited various bars and had several drinks. Jodi left the complainant approximately two hours before the assault occurred. The defendants allege that Jodi's testimony would have been relevant on the issue of whether the complainant was intoxicated around the time of the assault.

Having studied the record before this court, we conclude that the defendants received meaningful representation. It is axiomatic that "It is always easy with the advantage of hindsight to point out where trial counsel went awry in strategy. But trial tactics which terminate unsuccessfully do not automatically indicate ineffectiveness. So long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" *(People v Baldi,* 54 NY2d 137, 146-147, *on remand* 87 AD2d 843, *affd on remand* 96 AD2d 212). The record reveals that the defense attorneys vigorously cross-examined the complainant with regard to numerous inconsistencies in her trial testimony. The fact that the defense attorneys did not cross-examine the

complainant as to every possible inconsistency in her testimony does not warrant a finding of ineffectiveness.

The defendants' additional claims with regard to the trial counsels' failure to make certain *Brady* requests of the prosecution ignores, in the first instance, the fact that counsel for the defendant Anesi did serve a general *Brady* demand upon the prosecution prior to the trial. In any event, the defendants' claims of ineffectiveness based on the absence of specific *Brady* demands are meritless. With regard to the defendants' claim of error concerning the failure to serve a *Brady* request concerning the complainant's background, we note that neither of the defense counsels nor the prosecution was aware of the complainant's shoplifting arrest. It is significant that the arrest and disposition occurred prior to the complainant's marriage and was thus registered under her maiden name. Moreover, during a preliminary hearing, the complainant specifically denied having ever been convicted of a crime. Accordingly, the defense counsels had no reason to believe that the complainant had a criminal record and, given the collateral nature of the 10-year-old shoplifting incident, the absence of a *Brady* request with regard to the complainant's background did not constitute ineffective legal representation. Similarly, the defense counsels had no reason to believe that the prosecution's decision not to call Jodi as a witness was based upon possible *Brady* material in their possession. In fact, the record establishes that both defense counsels had an opportunity to interview Jodi during the trial proceedings and counsels chose not to call her as a defense witness. Parenthetically, we note that counsel for the defendant Bleakley commented extensively during his summation about the absence of Jodi at the trial and implied that her testimony would have been unfavorable to the prosecution.

The second prong of the defendants' CPL 440.10 motion involves allegations by the defendants that the prosecution is withholding potentially exculpatory information. On this point, the defendants seek the disclosure, *inter alia,* of the prosecution's reasons for not calling Jodi to testify. We agree with the hearing court's conclusion that the defendants have failed to provide any evidence to substantiate their claim that the prosecution withheld any *Brady* material relevant to Jodi's potential trial testimony or as to any other issues raised by the defendants *(see, People ex rel. Johnson v Batterman,* 68 Misc 2d 26). Additionally, both defense counsels had an opportunity to interview Jodi during trial and chose not to call her as a defense witness. Thus, " '[w]hile the People unquestion-

ably have a duty to disclose exculpatory material in their control,' a defendant's constitutional right to a fair trial is not violated when, as here, he is given a meaningful opportunity to use the allegedly exculpatory material to cross-examine the People's witnesses or as evidence during his case *(see, People v Brown,* 67 NY2d 555, 559; *People v Smith,* 63 NY2d 41, 68; *People v Stridiron,* 33 NY2d 287, 292-293)" *(People v Cortijo,* 70 NY2d 868, 870).

In view of the foregoing, we conclude that the hearing court properly denied the defendants' CPL 440.10 motion without a hearing. Mollen, P. J., Thompson and Rubin, JJ., concur.

Brown, J., concurs insofar as the order is affirmed, but dissents and votes to reverse the judgments, on the facts, and to dismiss the indictment, with the following memorandum: While I agree that the defendants' CPL 440.10 application was properly denied, my doubt as to the guilt of the defendants persists. The factual "inconsistencies, discrepancies and deficiencies in the prosecution's case" upon which that doubt was, and continues to be, based are set forth in my dissent filed when the case was previously before this court *(see, People v Bleakley,* 125 AD2d 687, 694 [Brown, J., dissenting], *revd* 69 NY2d 490). Accordingly, I reiterate my vote to reverse the judgments of conviction and to dismiss the indictment herein.