■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS McCLANE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lane, J.), rendered April 17, 1985, convicting him of burglary in the second degree and possession of burglar's tools, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the People were not required to give him notice of their intention to call Officer Michelle as an identification witness. The notice requirement found in CPL 710.30 (1) (b) applies only when the identification witness has previously identified the defendant *(see, People v Gissendanner*, 48 NY2d 543; *People v Crespo*, 111 AD2d 251). Since Officer Michelle had not previously participated in a showup, lineup, photographic identification or any other pretrial identification procedure, his testimony did not fall within the purview of the statute. Therefore the defendant's objection to his in-court identification testimony was properly overruled.

Furthermore, the record established that the defendant's face was seen by Officer Wright as he put his head out through the window of the burglarized apartment just prior to exiting the premises by way of the fire escape. After receiving a radio transmission that two men were descending the fire escape, Officer Hartie and Officer Michelle went to the backyard of the building, where they came face to face with the defendant prior to the defendant turning and running. Officers Hartie and Michelle thus had a founded suspicion that criminal activity was present *(see, People v De Bour*, 40 NY2d 210) and thus properly stopped the defendant. Officer Wright had probable cause to arrest the defendant *(see, People v Hicks*, 68 NY2d 234). Kunzeman, J. P., Kooper, Sullivan and Balletta, JJ., concur.