■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN DOZIER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Curci, J.) rendered April 12, 1984, convicting him of of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During her trial testimony, one of the victims for the first

time identified the defendant as one of the two men who robbed her and her fiancé. Persuaded by the defendant that such an in-court identification was improper because the People had failed to give notice pursuant to CPL 710.30, the court struck the testimony and instructed the jury to disregard it. The defendant argues on appeal that the court's instruction failed to cure the error which, he claims, was so prejudicial that it should have resulted in a mistrial. However, the notice required by CPL 710.30 (1) (b) pertains to an anticipated in-court identification by a witness who has previously identified a defendant. Where, as here, the witness made no previous identification of the defendant, no such notice is required (see, People v Monroig, 111 AD2d 935). Therefore, far from suffering any prejudice, the defendant benefited from the court's ruling and instruction.

We find no merit in the defendant's contention that his sentence was excessive (see, People v Suitte, 90 AD2d 80). Mollen, P. J., Kunzeman, Spatt and Rosenblatt, JJ., concur.