■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM TROTTIE, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Rosato, J.), rendered June 25, 1986, convicting him of burglary in the second degree, grand larceny in the second degree, and criminal possession of stolen property in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

During his trial testimony, one of the People's witnesses, for the first time, identified the defendant as having been present at a time and location proximate to the crime. The defendant contended that the in-court identification was improper because the People had failed to give notice pursuant to CPL 710.30. "However, the notice required by CPL 710.30 (1) (b) pertains to an anticipated in-court identification by a witness who has previously identified a defendant" (People v Dozier, 150 AD2d 483, 484). Here, since the witness had failed to make a previous identification of the defendant, no such notice was required (see, People v Monroig, 111 AD2d 935). Therefore, the trial court properly admitted the in-court identification. We note that the defendant had the opportunity, on

cross-examination, to explore the witness's failure to identify the defendant from a photographic array.

We have examined the defendant's remaining contentions and find them to be without merit. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.