■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAPHAEL JAMES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered March 16, 1989, convicting him of rape in the first degree, sodomy in the first degree (two counts), robbery in the second degree, and coercion in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We agree with the defendant that the prosecutor was improperly permitted, over defense counsel's objection, to elicit from the investigating detective that the defendant and his codefendant had been arrested on an unspecified charge in Manhattan *(see, People v Molineux,* 168 NY 264; *see also, People v Alvino,* 71 NY2d 233; *People v Harris,* 150 AD2d 723). Contrary to the People's contention, such testimony was not admissible on the ground that defense counsel had "opened the door" to the issue during cross-examination of the detective *(see, People v Melendez,* 55 NY2d 445; *see also, People v Crandall,* 67 NY2d 111; *People v McElveen,* 162 AD2d 626).

However, given the overwhelming evidence of the defendant's guilt, the error was harmless *(People v Crimmins,* 36 NY2d 230, 242). The defendant was known to both complainants before the night in question, since he had been the boyfriend of one of their coworkers and had been present on numerous occasions in the restaurant in which the instant incident occurred. In addition, the defendant's fingerprint was found at the scene on one of the cups which the attackers had strewn about after the restaurant had been cleaned and closed for the night.

The trial court properly exercised its discretion by refusing to admit the proffered testimony of the police informant's sister concerning the informant's purported jealousy over a third sister's relationship with the defendant. This testimony was not probative of any issues in the case *(see, People v Tolbert,* 169 AD2d 584; *People v Pike,* 131 AD2d 890, 891).

Having failed to request a charge on identification or to object to the court's failure to deliver such a charge, the defendant's claim on this point is unpreserved for appellate review (CPL 470.05 [2]), and we decline to reach it in the exercise of our interest of justice jurisdiction (CPL 470.15 [6]). Balletta, J. P., Rosenblatt, Ritter and Copertino, JJ., concur.