■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER LaPELLA, Appellant.—Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Lagana, J.), dated August 30, 1990, which, without a hearing, denied his motion pursuant to CPL 440.10 to vacate a judgment of the same court (Bourgeois, J.), rendered October 23, 1984, convicting him of murder in the second degree and

burglary in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the order is affirmed.

The Supreme Court correctly denied the defendant's motion pursuant to CPL 440.10 without a hearing because the supporting affidavit of the codefendant Anthony DeChristopher set forth only conclusory and unsubstantiated allegations, *inter alia,* that DeChristopher did not believe that the defendant was guilty of the crimes of which the latter was convicted and that DeChristopher did not see the defendant commit these crimes. Without sworn allegations substantiating or tending to substantiate all of the essential facts necessary to support such a motion, the court providently exercised its discretion by denying the motion without a hearing (CPL 440.30 [4] [b]; *see, People v Session,* 34 NY2d 254; *People v Britt,* 148 AD2d 911). These conclusory allegations were likewise insufficient to establish that the prosecutor had concealed exculpatory evidence *(see, People v Brown,* 56 NY2d 242). Indeed, DeChristopher's affidavit did not explain any of the circumstances of the crime nor the defendant's involvement therein. The defendant admitted at the trial that he was inside the apartment to purchase drugs. The tenant of the apartment identified the defendant, with whom she had been acquainted, as one of the armed men who robbed her and the other people found therein. It was during this robbery that one nonparticipant was shot and killed. Finally, even assuming that DeChristopher did make the statements he claimed to have made to the prosecutor prior to the defendant's trial, the defense counsel knew DeChristopher's name, knew that he had previously been tried and convicted of this felony murder, and could have contacted him directly to ascertain DeChristopher's eyewitness account of events *(cf., People v Bleakley,* 141 AD2d 553, 555-556). Thompson, J. P., Miller, Pizzuto and Santucci, JJ., concur.