■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES MITCHELL, Appellant. [618 NYS2d 727] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Demarest, J.), rendered November 7, 1990, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's convictions arose from his sale of two vials of crack cocaine to an undercover police officer, and his possession of 24 additional vials of crack cocaine. On appeal, he contends that the People failed to prove his guilt beyond a reasonable doubt. Viewing the evidence in the light most favorable to the People *(People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt. The partial discrepancy between the markings on the vials and the description of the markings provided by the People's witnesses merely presented a question of credibility. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence *(see,* CPL 470.15 [5]).

Contrary to the defendant's contentions, we find no *Brady* violation to have occurred as a result of the prosecutor's alleged failure to disclose the vials of crack cocaine to the defendant prior to trial. Where, as here, there was no specific request for the evidence at issue, the mere possibility that undisclosed evidence might have helped the defense or affected the outcome of the trial does not establish materiality in the constitutional sense *(see, People v Vilardi,* 76 NY2d 67; *People v Chin,* 67 NY2d 22; *People v Alongi,* 131 AD2d 767).

We also reject the defendant's contention that he was deprived of the effective assistance of counsel. The record demonstrates that the representation the defendant received

from defense counsel at trial was, on the whole, "meaningful representation" *(see, People v Bleakley,* 141 AD2d 553, 554). Defense counsel's single error in failing to request an inspection of the markings on the vials was not " 'sufficiently egregious and prejudicial' " that it deprived the defendant of a fair trial *(see, People v Flores,* 84 NY2d 184, 188; *People v Cuesta,* 177 AD2d 639; *People v Bleakley, supra).*

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Santucci, J. P., Joy, Krausman and Goldstein, JJ., concur.