■ In the Matter of SHELLITO D., a Person Alleged to be a Juvenile Delinquent, Appellant. ERIE COUNTY ATTORNEY, Respondent. [641 NYS2d 949] —Order unanimously affirmed without costs. Memorandum: Respondent appeals from an order that adjudicated him a juvenile delinquent for having committed acts which, if committed by an adult, would constitute the crimes of felony murder in the second degree, robbery in the first degree (two counts) and criminal possession of a weapon in the fourth degree. He contends that the petition in this juvenile delinquency proceeding is legally insufficient on its face because it is supported by Grand Jury minutes containing only the uncorroborated hearsay allegations of an accomplice (*see,* Family Ct Act § 311.2; *Matter of Neftali D.*, 85 NY2d 631). The Grand Jury minutes were appended to the designated felony act petition in lieu of supporting depositions. Those minutes,

however, do not appear in the stipulated record on appeal. Thus, this Court cannot test the legal sufficiency of the petition.

Viewing the evidence, as we must, in the light most favorable to the presentment agency (*see, Matter of Dimitri W.*, 198 AD2d 832; *Matter of Jason B.*, 186 AD2d 481, 482), we conclude that the proof is legally sufficient to support the determination and that the determination is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495).

We reject respondent's contention that the CPL 710.30 notice was inadequate because it did not contain a proper description of the time, place and circumstances surrounding the alleged voice identification by the victim's wife. Because that witness had not previously participated in a showup, lineup or other pretrial identification procedure, her testimony did not fall within the purview of the statute (*see, People v Trottie*, 167 AD2d 438, *lv denied* 77 NY2d 844; *People v Dozier*, 150 AD2d 483, 484, *lv denied* 74 NY2d 808; *People v McClane*, 149 AD2d 536). Family Court properly admitted the in-court voice identification for whatever weight the court, as finder of the facts, chose to give it, and respondent's attorney had the opportunity, on cross-examination, to explore any weaknesses in the witness' identification (*see, People v Merced*, 137 AD2d 562, 563, *lv denied* 71 NY2d 971).

We have reviewed the other issues raised by respondent and conclude that they are without merit. Respondent was not denied a fair trial by the County Attorney's failure to provide him with requested *Brady* material (*see, Brady v Maryland*, 373 US 83), i.e., a cooperation agreement between the District Attorney and a prosecution witness (*see, People v Steadman*, 82 NY2d 1, 7). The record establishes that respondent had the opportunity to cross-examine the prosecution witness about that agreement, which the County Attorney had become aware of just before trial (*see, People v Brown*, 67 NY2d 555, 559, *cert denied* 479 US 1093; *see also, People v Cortijo*, 70 NY2d 868, 870). Nor was he denied a fair trial when the County Attorney informed an uncooperative witness during his direct examination that he would notify the District Attorney. The County Attorney properly noted that he had a duty to warn the witness of the possible consequences of false testimony (*see, People v Moore*, 194 AD2d 695, 696, *lv denied* 82 NY2d 807). Moreover, the warning was not emphasized to the point that it was transformed into an "instrument[ ] of intimidation" (*People v Shapiro*, 50 NY2d 747, 762). The contention that respondent was denied his right to a speedy hearing pursuant to Family

Court Act § 340.1 has not been properly preserved for our review because no objection or motion to dismiss the petition on that ground was made before the court (*see, Matter of Charles O.*, 182 AD2d 1063, 1064, *lv denied* 81 NY2d 703). Given the circumstances of this case, in which respondent agreed to participate in an armed robbery that resulted in a shooting death, the court's disposition was entirely appropriate, and it is not unduly harsh or severe. (Appeal from Order of Erie County Family Court, Mix, J.—Juvenile Delinquency.) Present—Denman, P. J., Green, Fallon, Callahan and Doerr, JJ.