■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS MAUPIN, Appellant. [703 NYS2d 489] —Appeal by the de-

fendant from a judgment of the Supreme Court, Queens County (Leach, J.), rendered July 24, 1997, convicting him of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, criminal possession of a weapon in the third degree, and criminally using drug paraphernalia in the second degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contentions concerning alleged misconduct by the prosecutor during the trial are unpreserved for appellate review (*see,* CPL 470.05 [2]). In any event, the alleged misconduct did not prejudice the defendant and, therefore, reversal is not required (*see, People v Galloway,* 54 NY2d 396; *People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837). The record does not support the defendant's claim that the prosecutor knew that the confidential informant might not testify. Thus, her opening statement concerning the informant's expected testimony was not made in bad faith. Moreover, the court properly limited the testimony of other witnesses concerning the informant upon learning that he would not testify (*see, People v Canada,* 157 AD2d 793). The court properly instructed the jury to disregard certain comments made by the prosecutor when she objected to the cross-examination of one of the People's witnesses, thereby ameliorating any prejudice (*see, People v Rodriguez,* 174 AD2d 763). In light of the overwhelming evidence of the defendant's guilt, any alleged misconduct was harmless (*see, People v Crimmins,* 36 NY2d 230; *cf., People v Cruz,* 98 AD2d 726).

Viewing the defense counsel's conduct in its entirety, the defendant was not deprived of the effective assistance of counsel (*see, People v Rivera,* 71 NY2d 705, 708; *People v Baldi,* 54 NY2d 137, 146-147; *People v Wells,* 187 AD2d 745). Joy, J. P., Altman, Goldstein and Schmidt, JJ., concur.