■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MORENO TRINIDAD, Appellant. [802 NYS2d 250]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chambers, J.), rendered May 23, 2002, convicting him of attempted murder in the second degree (two counts), attempted robbery in the first degree (two counts), attempted robbery in the second degree (two counts), assault in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the cumulative effect of misconduct by the prosecutor during direct examination of some of the People's witnesses and during summation deprived him of a fair trial and constituted reversible error. We disagree. Initially we note that several of the alleged instances of prosecutorial misconduct are unpreserved for appellate review (*see People v Rivera,* 19 AD3d 620 [2005]). In any event, the defendant's contention is without merit. Although the prosecutor, on more than one occasion during his summation, overstepped the bounds of proper advocacy, we conclude that, in light of the overwhelming evidence of guilt, there was no significant probability the jury would have acquitted the defendant had the errors not occurred and thus, he was not deprived thereby of a fair trial (*see People v Joseph,* 20 AD3d 435 [2005]; *People v Oglesby,* 7 AD3d 736 [2004]; *People v Williams,* 13 AD3d 660 [2004]; *People v Johnson,* 267 AD2d 403 [1999]). S. Miller, J.P., Ritter, Rivera and Skelos, JJ., concur.