■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE JACKSON, Appellant. [807 NYS2d 654]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Carroll, J.), rendered July 2, 2003, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that the arresting detective's bolstering testimony about the complainant's identification of the defendant from a lineup was improper (*see* CPL 470.05; *People v West*, 56 NY2d 662 [1982]; *People v Martinez*, 1 AD3d 611 [2003]).

The defendant correctly observes that the redirect questioning about the prior identification of the defendant from a photo array went beyond what was necessary to correct any misapprehension which may have been caused by the defense counsel's cross-examination (*see People v Melendez*, 55 NY2d 445, 452 [1982]; *People v Johnson*, 296 AD2d 422 [2002]). Furthermore, the photo array should not have been admitted into evidence (*see People v Wilson*, 195 AD2d 493, 494 [1993]). This claim, contrary to the People's contention, was preserved for appellate review, because the defense counsel strenuously objected to the proposed questioning during the colloquy prior to redirect, and the court expressly denied the objection (*see* CPL 470.05 [2]).

Nevertheless, this error in allowing testimony about the photo array on redirect and admitting the photo array into evidence at trial was harmless in light of the overwhelming evidence of the defendant's guilt, which precluded any significant probability that the jury would have acquitted the defendant in the absence of the error (*see People v Johnson*, 57 NY2d 969, 970 [1982]; *People v White*, 210 AD2d 271 [1994]).

The defendant was not deprived of the effective assistance of counsel (*see People v Rivera*, 71 NY2d 705, 708 [1988]; *People v Baldi*, 54 NY2d 137, 146-147 [1981]; *People v Thomas*, 276 AD2d 570 [2000]; *People v Maupin*, 268 AD2d 488, 489 [2000]; *People v Mitchell*, 208 AD2d 959 [1994]; *People v Ruscitti*, 163 AD2d 431, 432 [1990]). Florio, J.P., Krausman, Lifson and Lunn, JJ., concur.