■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COMFORT PINCKNEY, Appellant. [811 NYS2d 751]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered July 29, 2003, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Hanophy, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's challenges to remarks made by the prosecutor during summation are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Antinuche,* 5 AD3d 390 [2004]). In any event, most of the remarks constituted a fair response to the defense counsel's summation in which he repeatedly challenged the credibility of the prosecution's witnesses (*see People v Halm,* 81 NY2d 819, 821 [1993]; *People v Adamo,* 309 AD2d 808, 810 [2003]; *People v Elliot,* 216 AD2d 576 [1995]; *People v Lilly,* 139 AD2d 671 [1988]). The remaining remarks were not so egregious as to violate the defendant's fundamental right to a fair trial (*see People v Lawson,* 275 AD2d 721 [2000]), and, in light of the overwhelming evidence of the defendant's guilt, there was no significant probability that, had the remarks not been made, the defendant would have been acquitted (*see People v Trinidad,* 22 AD3d 612 [2005]).

Contrary to the defendant's contention in his supplemental pro se brief, the lineup was not unduly suggestive, and the hearing court, therefore, properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony (*see People v Granger,* 18 AD3d 774 [2005]; *People v Richards,* 2 AD3d 883 [2003]).

Moreover, the People were not required to give prior notice of the in-court identification of the defendant by a witness who had not previously identified him out-of-court (*see* CPL 710.30 [1] [b]; *People v Rohan,* 214 AD2d 755 [1995]; *People v Trottie,* 167 AD2d 438 [1990]; *People v Dozier,* 150 AD2d 483, 484 [1989]).

The defendant's remaining contentions, raised in his supplemental pro se brief, are unpreserved for appellate review and, in any event, are without merit. Prudenti, P.J., Krausman, Mastro and Fisher, JJ., concur.