■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN BOSSETT, Appellant. [850 NYS2d 109]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered November 10, 2004, convicting him of robbery in the first degree (six counts), robbery in the second degree (six counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts), and criminal possession of stolen property in the fifth degree (four counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Demakos, J.H.O.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Although the prosecutor made certain remarks during his summation which constituted improper vouching for the credibility of the People's witnesses and exceeded the bounds of permissible comment, any prejudice caused by those remarks was dissipated when the Supreme Court sustained the defendant's objections and provided forceful and clear curative instructions to the jury immediately after each improper remark, and then again during its final charge (*see People v Wright,* 40 AD3d 1021 [2007], *lv denied* 9 NY3d 884 [2007]; *People v Haynes,* 39 AD3d 562, 563-564 [2007]; *People v Prince,* 36 AD3d 833, 834 [2007]). In any event, the prosecutor's remarks constituted harmless error (*see People v Wright,* 40 AD3d 1021 [2007]; *People v Pinckney,* 27 AD3d 581, 582 [2006]; *People v Trinidad,* 22 AD3d 612 [2005]; *cf. People v Wood,* 66 NY2d 374, 380-381 [1985]).

The defendant's contention, raised in his supplemental pro se brief, that the showup identification was unduly suggestive because of certain circumstances, is unpreserved for appellate review since he failed to raise this specific argument at the *Wade* hearing (*see United States v Wade,* 388 US 218 [1967]; CPL 470.05 [2]; *People v Shankle,* 37 AD3d 742, 743 [2007]; *People v Saunders,* 306 AD2d 502, 502-503 [2003]; *People v Velez,* 222 AD2d 625, 626 [1995]), and we decline to reach it in the exercise of our interest of justice jurisdiction.

Any alleged error regarding the prosecutor's going beyond the proper scope of redirect examination in his questioning of one of the complainants regarding the defendant's nodding at him during the robbery was harmless in light of the overwhelming evidence of the defendant's guilt and the absence of a significant probability that the jury would have acquitted the defendant had it not been for this error (*see People v Crimmins,* 36

NY2d 230, 242 [1975]; *People v Jackson,* 25 AD3d 808, 809 [2006]; *People v James,* 177 AD2d 595, 596 [1991]; *People v Egan,* 103 AD2d 940, 941 [1984]).

The defendant's remaining contentions raised in his supplemental pro se brief are without merit. Crane, J.P., Goldstein, Skelos and Carni, JJ., concur.