■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENITO FRANCO, Appellant. [850 NYS2d 636]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Doyle, J.), rendered October 26, 2005, convicting him of murder in the second degree and robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19-21 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

Resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal

(*see People v Romero*, 7 NY3d 633, 644-645 [2006]; *People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

There is no merit to the defendant's contention that his accomplice's identification testimony should have been suppressed, as the identification was merely confirmatory (*see People v Avent*, 29 AD3d 601 [2006], *lv denied* 9 NY3d 1004 [2007]; *People v Lima*, 2 AD3d 754 [2003]).

Although defense counsel opened the door during the cross-examinations of the witnesses as to pretrial identification procedures employed by the police, the prosecutor's questioning of Detective McAlvin as to the photo arrays went beyond what was necessary to clarify matters (*see People v Jackson*, 25 AD3d 808 [2006]; *People v Johnson*, 296 AD2d 422 [2002]). The principle underpinning the concept of opening the door "merely allows a party to explain or clarify . . . matters that have been put in issue for the first time on cross-examination, and the trial court should normally 'exclude *all evidence which has not been made necessary by the opponent's case in reply*' " (*People v Melendez*, 55 NY2d 445, 452 [1982], quoting 6 Wigmore, Evidence § 1873, at 672 [Chadbourn rev 1981]). Nevertheless, the evidence of the defendant's guilt, without reference to the alleged error, was overwhelming, and there is no significant probability that the alleged error might have contributed to the defendant's conviction. Thus, any error was harmless (*see People v Johnson*, 57 NY2d 969, 970 [1982]; *People v Crimmins*, 36 NY2d 230, 237 [1975]; *People v White*, 210 AD2d 271 [1994]).

"[C]ontrary to the defendant's contention, the fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations is no indication that the defendant was punished for asserting his right to proceed to trial" (*People v Davis*, 27 AD3d 761, 762 [2006]; *see People v Carillo*, 297 AD2d 288 [2002]). It is "to be anticipated that sentences handed out after trial may be more severe than those proposed in connection with a plea" (*People v Pena*, 50 NY2d 400, 412 [1980], *cert denied* 449 US 1087 [1981]). Moreover, the sentence imposed was not excessive (*see People v Felix*, 58 NY2d 156 [1983], *appeal dismissed* 464 US 802 [1983]; *People v Suitte*, 90 AD2d 80 [1982]).

The defendant's contention that the trial court improperly allowed testimony concerning his decision not to give a videotaped statement to police is unpreserved for appellate review and, in

any event, is without merit. The defendant's remaining contention is without merit. Ritter, J.P., Lifson, Angiolillo and Carni, JJ., concur.