■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT KELLY, Appellant. [886 NYS2d 899]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered February 2, 2007, convicting him of rape in the first degree (four counts), criminal sexual act in the first degree (seven counts), robbery in the first degree (two counts), and petit larceny (seven counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that the hearing court erred in declining to conduct a *Wade* hearing (*see United States v Wade,* 388 US 218 [1967]) is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19 [1995]). In any event, the record of the *Rodriguez* hearing (*see People v Rodri-*

*guez,* 79 NY2d 445 [1992]) supports the hearing court's determination that the witness was sufficiently familiar with the defendant so that her photographic identification of the defendant was merely confirmatory (*see People v Morrison,* 59 AD3d 569 [2009]; *People v Franco,* 48 AD3d 477, 478 [2008]).

The defendant contends that he was denied a fair trial when, during trial, a detective identified him as an individual depicted in certain photographs derived from a surveillance video. That contention is unpreserved for appellate review and, in any event, any error in permitting that testimony was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the defendant would have been acquitted absent that testimony (*see People v Haynes,* 39 AD3d 562, 563 [2007]; *see generally People v Crimmins,* 36 NY2d 230, 241-242 [1975]).

To the extent that the defendant contends that he was denied the effective assistance of counsel, the record demonstrates that defense counsel provided meaningful representation (*see People v Satterfield,* 66 NY2d 796, 798-799 [1985]; *People v Baldi,* 54 NY2d 137, 146-147 [1981]).

The defendant's contention that his adjudication and sentence as a persistent violent felony offender violated his constitutional rights pursuant to *Apprendi v New Jersey* (530 US 466 [2000]) is unpreserved for appellate review and, in any event, is without merit (*see Almendarez-Torres v United States,* 523 US 224, 244 [1998]; Penal Law § 70.08 [1] [a]; *People v Hammon,* 47 AD3d 644, 645 [2008]; *People v Licea,* 44 AD3d 690 [2007]; *see also United States v Johnson,* 440 F3d 832, 848 [2006], *cert denied* 549 US 829 [2006]). Skelos, J.P., Florio, Balkin and Leventhal, JJ., concur.