■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY GHEE, Appellant. [48 NYS3d 460]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered July 9, 2014, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after hearings, of those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement officials and to suppress identification testimony or, alternatively, for a *Wade* hearing (*see United States v Wade*, 388 US 218 [1967]).

Ordered that the judgment is reversed, on the law, that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials is granted, and a new trial is ordered on the charge of criminal possession of a weapon in the second degree.

The defendant's challenge to the legal sufficiency of the evidence supporting his conviction is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Carncross*, 14 NY3d 319, 324-325 [2010]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Hines*, 97 NY2d 56, 62 [2001]; *People v Pitre*, 108 AD3d 643, 643 [2013]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the wit-

nesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention that the Supreme Court erred in declining to conduct a *Wade* hearing (*see United States v Wade*, 388 US 218 [1967]) and in admitting the identification testimony of one of the People's witnesses is without merit. The record of the *Rodriguez* hearing (*see People v Rodriguez*, 79 NY2d 445 [1992]) supports the court's determination that the witness was sufficiently familiar with the defendant so that his photographic identification was merely confirmatory (*see People v Kelly*, 67 AD3d 706, 706-707 [2009]; *People v Dash*, 50 AD3d 914, 915 [2008]; *People v Espinal*, 262 AD2d 245, 245 [1999]).

At the suppression hearing, a police detective testified that while the defendant was in custody, he administered *Miranda* warnings (*see Miranda v Arizona*, 384 US 436 [1966]) and took the defendant's written statement. On cross-examination, the detective admitted that 10 minutes prior to taking the defendant's Mirandized written statement, he questioned the defendant without administering *Miranda* warnings. The written statement itself refers to incriminating statements made by the defendant during the earlier, pre-*Miranda* questioning. The Supreme Court denied suppression.

"[W]here an improper, unwarned statement gives rise to a subsequent Mirandized statement as part of a 'single continuous chain of events,' there is inadequate assurance that the *Miranda* warnings were effective in protecting a defendant's rights, and the warned statement must also be suppressed" (*People v Paulman*, 5 NY3d 122, 130 [2005], quoting *People v Chapple*, 38 NY2d 112, 114 [1975]; *see People v Rodriguez*, 132 AD3d 781, 782 [2015]). Here, the improper unwarned statements made by the defendant gave rise to a subsequent Mirandized written statement as part of a single continuous chain of events. Accordingly, both the oral statement and the written statement should have been suppressed.

Since the evidence of guilt, without reference to the error, on the charge of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) was not overwhelming, the error was not harmless (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Harris*, 93 AD3d 58, 71 [2012]). Accordingly, the defendant is entitled to a new trial on the charge of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]).

The defendant's remaining contentions need not be reached in light of our determination. Eng, P.J., Balkin, Hall and Barros, JJ., concur.