People v Baugh (2020 NY Slip Op 06539)





People v Baugh


2020 NY Slip Op 06539


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2016-01747
 (Ind. No. 3295/06)

[*1]The People of the State of New York, respondent,
v
Mark Baugh, appellant.


Paul Skip Laisure, New York, NY (David P. Greenberg of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Hannah X. Scotti of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant pursuant to CPL 450.10(5) from an order of the Supreme Court, Queens County (Michael Aloise, J.), dated January 19, 2016. The order, insofar as appealed from, denied that branch of the defendant's motion which was pursuant to CPL 440.30(1-a) for forensic DNA testing of certain evidence.
ORDERED that the order is affirmed insofar as appealed from.
After a jury trial, the defendant was convicted of, among other crimes, robbery in the first degree and burglary in the first degree upon evidence that he and his nephew accosted the complainant at gunpoint and took, among other items, cash, jewelry, and cigarettes. After this Court affirmed the defendant's conviction (see People v Baugh, 91 AD3d 965), the defendant moved, inter alia, pursuant to CPL 440.30(1-a) for forensic DNA testing of a shell casing recovered at the crime scene. In an order dated January 19, 2016, the Supreme Court, among other things, denied that branch of the defendant's motion. The defendant appeals.
"Pursuant to CPL 440.30(1-a)(a)(1), the court is required to grant a defendant's application for forensic DNA testing of specified evidence where it determines 'that if a DNA test had been conducted on such evidence, and if the results had been admitted in the trial resulting in the judgment, there exists a reasonable probability that the verdict would have been more favorable to the defendant'" (People v Dorcinvil, 175 AD3d 1421, 1422, quoting CPL 440.30[1-a][a][1]). The defendant failed to demonstrate that there exists a reasonable probability that the verdict would have been more favorable to him if DNA tests had been conducted on the shell casing and if the results of those tests had been admitted at trial (see CPL 440.30[1-a]; People v Brown, 106 AD3d 927). Accordingly, we agree with the Supreme Court's determination denying that branch of the defendant's motion which was pursuant to CPL 440.30(1-a) for DNA testing of the shell casing recovered from the crime scene.
RIVERA, J.P., ROMAN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court