People v Pinckney (2024 NY Slip Op 04213)

People v Pinckney

2024 NY Slip Op 04213

Decided on August 14, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2009-03640
 (Ind. No. 1497/00)

[*1]The People of the State of New York, respondent,
v
Comfort Pinckney, appellant.

Twyla Carter, New York, NY (Denise Fabiano of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Manipal Singh of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Robert C. McGann, J.), dated June 10, 2008. The order, insofar as appealed from, denied, without a hearing, that branch of the defendant's motion which was pursuant to CPL 440.30(1-a) for DNA testing of certain evidence.
ORDERED that the order is affirmed insofar as appealed from.
The defendant was convicted, after a jury trial, of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree. This Court affirmed the judgment of conviction (see People v Pinckney, 27 AD3d 581, 582). Thereafter, the defendant moved, inter alia, pursuant to CPL 440.30(1-a) for forensic DNA testing of a hat recovered at the crime scene. In an order dated June 10, 2008, the Supreme Court, among other things, denied, without a hearing, that branch of the defendant's motion. The defendant appeals.
"Pursuant to CPL 440.30(1-a)(a)(1), the court is required to grant a defendant's application for forensic DNA testing of specified evidence where it determines 'that if a DNA test had been conducted on such evidence, and if the results had been admitted in the trial resulting in the judgment, there exists a reasonable probability that the verdict would have been more favorable to the defendant'" (People v Dorcinvil, 175 AD3d 1421, 1422, quoting CPL 440.30[1-a][a][1]). Here, the defendant failed to demonstrate that there exists a reasonable probability that the verdict would have been more favorable to him if a DNA test had been conducted on the hat and if the results had been admitted at trial (see CPL 440.30[1-a]; People v Baugh, 188 AD3d 903, 904).
Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPL 440.30(1-a) for DNA testing of certain evidence.
DUFFY, J.P., WOOTEN, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court