■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN WALLACE McCASLAND, Appellant.—Appeal from a judgment of the County Court of Tompkins County, rendered September 10, 1975, upon a verdict convicting defendant of the crime of bail jumping in the first degree and from a judgment of the same court, rendered September 26, 1975, convicting defendant, upon his plea of guilty, of the crime of criminal possession of a controlled substance in the third degree. Defendant, after arraignment in Ithaca City Court on drug possession charges, jumped bail. While at large he was indicted for bail jumping in the first degree and, by separate indictment, charged with three drug charges, including possession of heroin with intent to sell. (Penal Law, § 220.16, subd 1.) He was arrested and convicted after jury trial of bail jumping in the first degree (Penal Law, § 215.57). Thereafter, but prior to sentencing on the bail jumping conviction, he entered a guilty plea to criminal possession of a controlled substance in the third degree and, after lengthy plea bargaining, was sentenced to four years to life on the drug charge and to an indeterminate sentence not to exceed four years on the bail jumping conviction, the sentences to run concurrently. Defendant appeals from the judgment of September 26, 1975 sentencing him to four years to life upon his plea of guilty to the class A felony of criminal possession of a controlled substance in the third degree on the ground that he did not freely and voluntarily enter his plea of guilty. A review of the record reveals evidence of extensive plea bargaining between the District Attorney's office and counsel for defendant, culminating in a letter from the District Attorney to defendant's lawyer advising that the People, at sentencing, would recommend the minimum sentence for a class A-III felony. At sentencing, the People fulfilled their promise, but the court advised defendant that the District Attorney's recommendation was not binding on it and that a sentence appropriate to the crime would be imposed

after a consideration of all relevant factors, including a presentencing probation report. The defendant replied that he understood. Extensive dialogue followed concerning the alternate sentences authorized by statute and defendant indicated that he was aware of and appreciated the distinctions. The Court of Appeals in *People v Francis* (38 NY2d 150, 153, 154) set forth the circumstances that might alert a Judge to the fact that a defendant's plea is inappropriate. None of those facts are present herein (see *People v Hayes,* 55 AD2d 691). Next, there is no requirement that a Judge conduct a *pro forma* inquisition in each case to determine if a defendant, adequately represented by counsel, and who admits the underlying facts, as here, may nevertheless not know what he is doing (cf. *People v Nixon,* 21 NY2d 338). Something must trigger such an inquiry *(People v Francis, supra).* A plea is a bargain struck between a defendant and a prosecutor, both of whom may be in doubt as to a trial's outcome, and where, as here, the court which accepts the plea has no reason to believe it is unfair or inappropriate, the bargain becomes final (p 156). Since the sentence imposed on the drug conviction was not excessive (cf. *People v Caputo,* 13 AD2d 861) and no grounds attacking the bail jumping conviction are raised on appeal, the judgments should be affirmed. Judgments affirmed. Koreman, P. J., Sweeney, Kane, Mahoney and Main, JJ., concur.