THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KIRK PULLMAN, Appellant.

Third Department, March 26, 1987

## APPEARANCES OF COUNSEL

*Paul L. Gruner (Denise Y. Dourdeville* of counsel), for appellant.

*Michael Kavanagh, District Attorney (Joan Lamb* of counsel), for respondent.

## OPINION OF THE COURT

Levine, J.

In 1984, defendant was indicted in Ulster County for three counts of burglary in the third degree and one count of criminal possession of stolen property in the second degree. He retained counsel, who negotiated a plea to one burglary count with a promised sentence of 2⅓ to 7 years' imprisonment. On March 4, 1985, defendant entered a plea in accordance with the foregoing agreement, County Court indicating on the record its intent to impose the agreed upon sentence. After several adjournments, defendant appeared for sentencing on June 26, 1985, at which time he informed the court that he was entitled to a lesser sentence by reason of his compliance with an off-the-record agreement of disclosure and cooperation which he had personally negotiated with the District Attorney's office.

County Court then conducted a compliance hearing at which the following evidence was submitted. Defendant, prior to actually entering his guilty plea, and without the knowledge and consent of his retained attorney, had a private investigator contact the District Attorney's office to explore an arrangement for a more lenient sentence in exchange for his cooperation. Defendant requested that his own attorney be excluded from participating in or being informed of the negotiations which were then entered into between him and a State Police investigator representing the prosecutor. An agreement was reached whereby defendant would make a full and complete disclosure of his participation in various unsolved burglaries in the area, naming his accomplices, and would make controlled purchases of drugs from one Stephen Miller and cooperate in any subsequent prosecution of Miller. In return for defendant's full compliance with the foregoing conditions, the District Attorney promised to recommend to the court a one-year jail sentence. The State Police investigator indicated to defendant that it was likely that County Court would follow the prosecutor's recommendation. Defendant then met with the investigator and identified some 20 burglar-

ies he had committed. However, he specifically denied any involvement in the burglary of a particular food market in 1984, in response to the investigator's inquiries on that unsolved crime. The following week, defendant entered his plea through his retained counsel, who was still uninformed of defendant's arrangement with the District Attorney's office. Prior to sentencing, defendant again met with the State Police investigator, admitted some 18 additional burglaries and, upon being further pressed on the basis that the District Attorney believed he was withholding information, finally admitted the commission of the food market burglary he had previously denied. Defendant also made several drug purchases from Miller, during one of which he failed to activate a body recorder which the police had equipped him with for recording the transaction. Still before the ultimate date of sentencing, the investigator received information on yet another burglary by defendant which he had failed to disclose. Additionally, the police supervising one of the drug purchases from Miller indicated to the prosecutor's office that defendant paid Miller less money for the drugs than he was supplied with and pocketed the difference. When defendant's case came on for sentencing, he was informed that the prosecutor considered that he had not complied fully with the conditions of their agreement and, accordingly, that no recommendation for leniency would be made.

Following the compliance hearing, County Court ruled that, since it was not a party to any agreement between defendant and the District Attorney, it was not bound by any commitment for a reduced sentence on the part of the prosecutor, irrespective of whether defendant had complied with their agreement. Defendant was then sentenced to an indeterminate prison term of 2 to 6 years. Defendant then moved, pursuant to CPL 440.20, for resentencing in accordance with the agreement between himself and the District Attorney. The motion was denied without a hearing. These appeals then ensued.

The judgment of conviction and the order denying resentence should be affirmed. In the instant case, the record is absolutely clear that, when defendant's guilty plea was entered, County Court had not been made a party to any promise as to sentencing other than that entered on the record that defendant would receive a sentence of 2⅓ to 7 years' imprisonment. Nothing was brought to the court's attention concerning any promise of further leniency condi-

tional upon defendant's cooperation and, indeed, defendant expressly disclaimed the existence of any promises on sentencing other than the indeterminate term the court put on the record. This being so, defendant was not entitled to rely on any promises of the District Attorney as to any reduced sentence that he would actually receive, as a matter of law *(see, People v Selikoff,* 35 NY2d 227, 241, *cert denied* 419 US 1122; *People v Napoli,* 83 AD2d 886, 887; *see also, People v McCasland,* 55 AD2d 991, 992). Therefore, even full performance by defendant of the conditions of his agreement with the prosecutor would not mandate a reduction of his sentence.

It is true that full performance of defendant's part of the bargain would have mandated that the District Attorney fulfill his promise to recommend the one-year sentence, and that defendant's postjudgment motion for resentencing was the proper vehicle for enforcement of that commitment *(see, Santobello v New York,* 404 US 257, 262-263; *People v Selikoff, supra,* at 243). However, the submissions on defendant's motion for resentencing, including the minutes of the prior compliance hearing, support County Court's finding that defendant did not fulfill his obligations under the agreement. Therefore, the failure of the District Attorney to recommend further leniency does not require a resentencing *(see, People v Lader,* 114 AD2d 390, 392).

Defendant's remaining point is that he should be resentenced in accordance with the agreement because the District Attorney, in dealing with him without the knowledge, consent or participation of his then attorney of record, denied him the effective assistance of counsel. We do not condone the practice of a prosecutor entering into direct negotiations with an indicted defendant represented by counsel or eliciting information or cooperation in the investigation of the criminal activities of others without defense counsel's knowledge or consent. Such direct contact might well furnish the basis for the setting aside of a guilty plea, or the suppression of incriminating evidence obtained thereby. Here, however, no evidence obtained from defendant has been used against him, and he does not seek to have his guilty plea and conviction set aside and to have the original charges restored. Accordingly, we need not decide whether vacatur or suppression of evidence would have been required in the circumstances of the instant case, wherein all direct dealing was totally at defendant's behest. Defendant has not advanced any basis, except sheer speculation, demonstrating that any deprivation of counsel's

assistance prejudiced him regarding his failure to perform the obligations conditioning the promised recommendation of leniency by the prosecutor. Therefore, he has failed to establish a basis for resentencing on that ground.

MAHONEY, P. J., KANE, CASEY and WEISS, JJ., concur.

Judgment and order affirmed.