■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SEWARD, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Rosato, J.), rendered October 27, 1987, convicting him of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court committed reversible error by refusing his request to submit to the jury a charge of criminal possession of a controlled substance in the seventh degree as a lesser included offense of criminal possession of a controlled substance in the third degree. For a crime to be submitted or considered as a lesser included offense of a crime charged in the indictment, it must be theoretically impossible to commit the greater crime without at the same time, by the same conduct, committing the lesser, and there must be a reasonable view of the evidence that would support a finding that the lesser offense was committed but not the greater (see, CPL 1.20 [37]; 300.50 [1]; *People v Ford*, 62 NY2d 275, 281; *People v Glover*, 57 NY2d 61, 63). In this case, the first requirement is satisfied as the evidence established that the defendant knowingly possessed cocaine (see, Penal Law § 220.03) with the aggravating element that he intended to sell it (see, Penal Law § 220.16; *compare, People v Scarincio*, 95 AD2d 967). However, the second requirement has not been met. Purely speculative hypotheses are insufficient to warrant a lesser included charge (see, *People v Scarborough*, 49 NY2d 364, 372-373). The defendant offered no evidence at trial and the People's case contained nothing to contradict the inescapable conclusion that the defendant possessed cocaine with the intent to sell it. Indeed, the evidence that he sold cocaine was overwhelming. Accordingly, a reasonable view of the evidence does not support a finding that the defendant committed the lesser offense but not the greater (see, *People v Ates*, 157 AD2d 786).

The defendant further contends that the court improperly

admitted evidence of uncharged crimes which permitted the jury to speculate that he had been involved in prior uncharged cocaine sales. The testimony in question, however, was admissible as it tended to prove that the defendant and an unapprehended accomplice were acting in concert to sell cocaine pursuant to a specific method of operation (see, *People v Williams*, 50 NY2d 996, 998; *People v Jackson*, 39 NY2d 64, 68). Moreover, this testimony was received with appropriate limiting instructions. Accordingly, the receipt of this evidence does not constitute reversible error.

We have reviewed the defendant's remaining contentions and find them to be without merit (see, *People v Gonzalez*, 68 NY2d 424; *People v Oliver*, 63 NY2d 973; *People v Love*, 57 NY2d 1023; *People v Melendez*, 55 NY2d 445; *People v Farrar*, 52 NY2d 302; *People v Ashwal*, 39 NY2d 105; *People v Vidal*, 26 NY2d 249; *People v Riviezzo*, 124 AD2d 837; *People v Williams*, 122 AD2d 92; *People v Hodge*, 52 AD2d 673). Brown, J. P., Rosenblatt, Miller and Ritter, JJ., concur.