■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT W. CAMPBELL, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was charged with criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) for allegedly selling an "eight-ball" of cocaine to a confidential informant who was working with the police. The jury found defendant not guilty of criminal sale of a controlled substance in the third degree, but guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1] [possession with intent to sell]).

Defendant, in reliance upon *People v Gaul* (63 AD2d 563, *lv denied* 45 NY2d 780), contends that the trial court erred in submitting the non-inclusory concurrent count of criminal possession of a controlled substance to the jury. This Court has, however, declined to follow *Gaul* and has rejected requests to exercise our discretion to dismiss non-inclusory concurrent counts of criminal possession of a controlled substance in the interest of justice *(see, People v Thomas,* 174 AD2d 994; *People v Conwell,* 168 AD2d 906) because, in our view, the criminal sale and criminal possession counts are "separate crimes". This is graphically illustrated in the instant case where the jury acquitted defendant of the criminal sale charge, but nevertheless convicted him of the possession with intent to sell charge. Thus, the court did not err in submitting the non-inclusory concurrent count of criminal possession of a controlled substance in the third degree to the jury. Even though defendant was acquitted of criminal sale of cocaine, a reasonable view of the evidence supported the court's refusal to charge criminal possession of a controlled substance in the seventh degree as a lesser included offense of criminal possession in the third degree *(see, People v Seward,* 169 AD2d 790).

Viewing the evidence in the light most favorable to the People *(see, People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932), we find that the verdict is supported by legally sufficient evidence and is not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495).

Defendant was not denied his statutory right to a speedy trial pursuant to CPL 30.30. The trial court properly found that the People announced their readiness within the six-month statutory period. The People's announcement of readiness satisfied their obligation under CPL 30.30 *(see, People v Giordano,* 56 NY2d 524, 525). There is no merit to defendant's claim that the People were thereafter not ready to proceed as a result of "post-readiness" delays occasioned by the actions of the People *(see, People v McKenna,* 76 NY2d 59; *People v Anderson,* 66 NY2d 529).

The trial court properly concluded that defendant was not entitled to enforcement of the alleged plea agreement. The record at the pretrial hearing establishes that, although defendant offered to cooperate with the police, defendant never made a single controlled buy of any cocaine in fulfillment of his obligation to cooperate. Since defendant did not fulfill his obligations under that agreement, the District Attorney had no obligation to fulfill his promise to recommend a more favorable sentence *(see, People v Pullman,* 126 AD2d 260, 263). (Appeal from Judgment of Chautauqua County Court, Adams, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Callahan, J. P., Doerr, Denman, Green and Lowery, JJ.