■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE CORREA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kramer, J.), rendered August 2, 1989, convicting him of criminal possession of a controlled substance in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to controvert a search warrant.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention the court properly denied that branch of his omnibus motion which was to controvert the search warrant. The affidavit in support of the warrant application recited that the source of the informant's knowledge was his personal observations and that on two prior occasions the informant had furnished information to the police which led to the arrests and seizure of narcotics and illegal handguns. Such an affidavit satisfies the Aguilar-Spi-

*nelli* test *(see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410; *see also, People v Collier,* 89 AD2d 1041, 1042; *People v Rodriguez,* 150 AD2d 622; *People v Proctor,* 155 AD2d 624). Moreover, where, because of a factual mistake on the part of the officers who obtain a warrant, the description of the person or things to be seized is overbroad, the validity of the warrant turns on the information available to the officers at the time they obtained it *(see, Maryland v Garrison,* 480 US 79, 85; *see also, People v Otero,* 177 AD2d 284, 285). On the record before us we conclude that at the time of the issuance of the warrant Officer Griffin was unaware of the circumstances giving rise to the ambiguity or overbreath in the description of the place mentioned therein. Furthermore, we are satisfied that the officer made a diligent attempt to ascertain the number of the target apartment. Thus the warrant was not affected by the subsequent discovery of the fact giving rise to the ambiguity.

Viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt *(see, People v Contes,* 60 NY2d 620). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

It is well settled that severance motions are directed to the sound discretion of the trial court *(People v Mahboubian,* 74 NY2d 174, 183). Severance is not required solely because of hostilities between the defendants, differences in their trial strategies, or inconsistencies in their defenses, and is compelled only where the core of each defense is in irreconcilable conflict with the other and where there is a significant danger that the conflict alone would lead the jury to infer a defendant's guilt *(People v Mahboubian, supra,* at 183; *People v Cruz,* 66 NY2d 61, 73, *revd on other grounds* 481 US 186). Moreover, "[w]here proof against the defendants is supplied by the same evidence, only the most cogent reasons warrant a severance" *(People v Bornholdt,* 33 NY2d 75, 87). In the instant case the defenses asserted by each defendant were not mutually exclusive and, moreover, the proof against each was supplied by the same evidence. Accordingly, the court properly denied the defendant's motion for severance.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Balletta, Eiber and Ritter, JJ., concur.