■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICK ALSTON, Appellant.—Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered November 28, 1990, convicting defendant, upon his plea of guilty, of criminal possession of stolen property in the fourth degree, and sentencing him to a term of imprisonment of one year, to cover both the instant indictment and a misdemeanor complaint, unanimously affirmed.

Contrary to defendant's claim on appeal, the suppression court properly denied defendant's motions to suppress physical evidence and statements, following a combined *Mapp/ Huntley* hearing. On patrol in an area of Penn Station housing automatic ticket issuing machines operated by credit card, and alert to repeated use of stolen credit cards at such machines, the arresting officer was justified in approaching defendant to inquire what problem had caused defendant to strike the ticket issuing machine with his fist *(see, People v Hollman,* 79 NY2d 181, 185). Defendant's denial of any problem, combined with his nervousness and fidgeting at the officer's approach, justified the officer's further inquiry regarding the ownership of a credit card held by defendant in his hand *(supra).* Defendant's admission that the credit card was not his, and his inability to even name the owner of the card justified the officer's suspicion that criminality was afoot, and thus his reasonable request that defendant accompany him to a customer service desk for a computer check on the credit card *(supra).* When the computer check indicated that the credit card had been stolen on the previous day, the officer had probable cause to arrest defendant *(People v De Bour,* 40 NY2d 210). As the statements subsequently made by defendant were not prompted by any custodial questioning, suppression was properly denied *(Miranda v Arizona,* 384 US 436). Concur—Murphy, P. J., Milonas, Ross and Rubin, JJ.