■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN APOLINAR, Appellant. [617 NYS2d 32] —Appeal by the

defendant from a judgment of the Supreme Court, Queens County (Pitaro, J.), rendered December 3, 1991, convicting him of criminal sale of a controlled substance in the first degree, criminal sale of a controlled substance in the second degree (2 counts), and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction for criminal sale of a controlled substance in the first degree, vacating the sentence imposed thereon and dismissing that count of the indictment; as so modified, the judgment is affirmed.

Contrary to the defendant's contention, the trial court did not err in denying his motions to sever his trial from that of the codefendants. It is well settled that severance motions are addressed to the sound discretion of the trial court (see, People v Mahboubian, 74 NY2d 174, 183; People v Correa, 188 AD2d 542, 543). Severance is not required solely because of hostilities among the defendants, differences in their trial strategies, or inconsistencies in their defenses, and is compelled only where the core of each defense is in irreconcilable conflict with the other and where there is a significant danger that the conflict alone would lead the jury to infer a defendant's guilt (see, People v Cardwell, 78 NY2d 996, 997-998; People v Mahboubian, supra, at 183-184; People v Correa, supra). Moreover, where, as here, "proof against the defendants is supplied by the same evidence, only the most cogent reasons warrant a severance" (People v Bornholdt, 33 NY2d 75, 87, cert denied sub nom. Victory v New York, 416 US 905). In this case, the defenses asserted by each defendant were not in irreconcilable conflict with each other so as to compel severance.

Further, the trial court did not err in denying that branch of the defendant's motion for specific enforcement of the cooperation agreements he and his brother entered into with the People. The defendant failed to fulfill all of his obligations under his cooperation agreement, thus the People were released from the agreement and were entitled to revoke it (see, People v Campbell, 175 AD2d 612, lv denied 78 NY2d 1074; People v Pullman, 126 AD2d 260). The cooperation agreement between the defendant's brother and the People provided that the brother would cooperate with the People in return for a favorable recommendation on the disposition of the defendant's case. Specific enforcement of this cooperation agreement was not warranted insofar as the agreement provided

that the People could unilaterally withdraw the agreement at any time and the defendant's brother had not rendered any services under the agreement.

Any error which occurred when the trial court denied the defendant's challenge for cause to a prospective juror who equivocated as to whether she would be able to "stick to [her] guns" if her fellow jurors disagreed with her, was effectively cured when the trial court granted the defendant's request for peremptory challenges in addition to those provided by statute (see, CPL 270.25 [2] [a]; [3]), particularly since the court indicated that it was granting the request for that reason and a similar request by the People was denied (see, People v Wales, 138 AD2d 766, 768; People v Hines, 109 AD2d 893).

We find, however, that the defendant's conviction for criminal sale of a controlled substance in the first degree must be reversed and that count of the indictment dismissed because the trial court erred in admitting into evidence the cocaine allegedly sold by the defendant and his codefendant on September 20, 1990, to an undercover police officer (see, People v Espino, 208 AD2d 556 [decided herewith]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are unpreserved for appellate review and we decline to reach them in the exercise of our interest of justice jurisdiction (see, CPL 470.05 [2]; 470.15). Lawrence, J. P., O'Brien, Friedmann and Krausman, JJ., concur.