FIRST DEPARTMENT, JULY, 1995

(July 6, 1995)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY HINCAPIE, Appellant. [629 NYS2d 416] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered January 3, 1992, convicting defendant, after jury trial, of murder in the second degree, two counts of robbery in the first degree, and two counts of robbery in the second degree, and sentencing him to concurrent terms of 25 years to life on the murder count, 8¹/₃ to 25 years on each count of robbery in the first degree, and 5 to 15 years on each count of robbery in the second degree, and orders, same court and Justice, entered May 18, 1992 and October 13, 1993, denying separate motions to vacate the conviction, unanimously affirmed.

Accepting the hearing court's determinations of credibility (*People v Fonte*, 159 AD2d 346, *lv denied* 76 NY2d 734), the record supports the hearing court's findings that the police were invited into defendant's residence by a person of requisite authority (*People v Cosme*, 48 NY2d 286), and that defendant could not have reasonably believed he was under arrest when he agreed to accompany the officers to the precinct for an interview in connection with an ongoing investigation (*People v Yukl*, 25 NY2d 585).

The trial court properly exercised its discretion in denying defendant's motion for a mistrial on the ground that a reference by a police witness to a codefendant's statement inculpating defendant resulted in undue prejudice to defendant (*see, Hall v Potoker*, 49 NY2d 501). Rather, any possible prejudice to defendant was obviated by the witness' explanation that the reference was merely an interview technique, and by the court's repeated instructions to the jury to draw no adverse inference against a defendant from evidence presented in connection with a codefendant, including alleged statements. Further, any error must be considered harmless beyond a reason-

able doubt in light of the fact that defendant's own statements regarding his participation in the crimes charged were supported by an abundance of corroborating evidence, including the testimony of eyewitnesses regarding the details of the robbery, and one victim's identification of defendant in a lineup as someone who looked familiar from the robbery (*see, People v Hamlin*, 71 NY2d 750, 758).

The trial court also properly excluded the statement of a nontestifying accused accomplice that allegedly contained exculpatory evidence regarding defendant, on the ground that there was no showing that the statement in question, clearly intended to exculpate the declarant, enjoyed the presumed reliability of a statement against penal interest (*see, People v Maerling*, 46 NY2d 289, 295).

In deciding the appeal of codefendant Ricardo Nova, this Court rejected defendant's claim alleging impropriety in connection with the jury instructions (*People v Nova*, 198 AD2d 193, *lv denied* 83 NY2d 808). Finally, as the Medical Examiner's audiotape of the autopsy herein does not constitute *Rosario* material, the People were not required to provide it to the defense (*see, People v Washington*, 86 NY2d 189).

We perceive no abuse of discretion in sentencing. Concur—Murphy, P. J., Ellerin, Kupferman, Williams and Tom, JJ.