■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH FURST, Appellant. [635 NYS2d 597] —Judgment, Supreme Court, New York County (Richard Andrias, J.), rendered July 21, 1993, convicting defendant, after a jury trial, of 10 counts of criminal possession of stolen property in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years, unanimously affirmed.

Defendant's motion to suppress was properly denied. Amtrak police officers responded to a call in Penn Station that a man and woman meeting the description of defendant and his codefendant had been utilizing a New Jersey Transit ticket machine for a "long time" to extract "numerous" tickets. Upon arriving at the scene, the police saw the codefendant place a credit card into the machine, press the buttons on the machine, remove the card and hand it to defendant. The hearing court properly found that the officers were justified in approaching defendant and his codefendant to make inquiry as to their activities (*People v Hollman*, 79 NY2d 181, 191). Once defendant denied that they had done anything wrong and claimed instead that he was merely trying to sell an Amtrak ticket which belonged to someone else, there was a founded suspicion to believe that criminality was afoot, which justified the officer's inquiry about the whereabouts of the credit card (*People v Alston*, 189 AD2d 555, *lv denied* 81 NY2d 881). Probable cause to arrest defendants for possession of stolen property arose after both defendants denied that they had any credit card, then admitted that they in fact possessed it, whereupon defendant produced the card and neither defendant claimed to be the person named on the card (*People v Hollman, supra*, at 193).

The trial court properly exercised its discretion in denying defendant's motion for a mistrial after a prosecution rebuttal witness testified about the codefendant's statement that she "did not want to get Joe in trouble" (*People v Hincapie*, 217 AD2d 401). The statement was elicited on cross-examination by the codefendant in an effort to discredit the witness' "independent recollection" of the circumstances under which he took the statement from the codefendant and his ability to repeat "verbatim" the entire statement made by the codefendant. In light of the overwhelming proof of defendant's guilt, potential for prejudice was remote and the mistrial application was properly denied.

We have considered defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Concur—Murphy, P. J., Rosenberger, Ross, Nardelli and Mazzarelli, JJ.