■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN CLARK, Appellant. [650 NYS2d 593] —Appeal by the defendant from a judgment of the County Court, Westchester County (Murphy, J.), rendered September 8, 1994, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court did not err in denying his motions to sever his trial from that of the codefendant. It is well settled that severance motions are addressed to the sound discretion of the trial court (see, People v Mahboubian, 74 NY2d 174, 183; People v Correa, 188 AD2d 542, 543). Severance is compelled only where the core of each defense is in irreconcilable conflict with the other and where there is a significant danger that the conflict alone would lead the jury to infer a defendant's guilt (see, People v Cardwell, 78 NY2d 996, 997-998; People v Mahboubian, supra, at 183-184; People v Correa, supra). Moreover, where, as here, "proof against the defendants is supplied by the same evidence, only the most cogent reasons warrant a severance" (People v Bornholdt, 33 NY2d 75, 87, cert denied sub nom. Victory v New York, 416 US 905). In this case, the defenses asserted by each defendant were not in irreconcilable conflict with each other so as to compel severance. Ritter, J. P., Pizzuto, Friedmann and Luciano, JJ., concur.