■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DELOSSANTOS, Appellant. [664 NYS2d 732] —Appeal by the defendant from a judgment of the County Court, Nassau County (Kowtna, J.), rendered July 19, 1995, convicting him of grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (CPL 470.15 [5]).

There is no merit to the defendant's contention that the trial court improperly exercised its discretion in denying his motion for a trial separate from that of his codefendant, as the defendant failed to demonstrate that his defense and that of his codefendant were in "irreconcilable conflict" (*see, People v Mahboubian,* 74 NY2d 174; *People v Apolinar,* 208 AD2d 548, 549). Additionally, the trial court did not improperly exercise its discretion in denying the defendant's motion for a mistrial (*see, People v Ortiz,* 54 NY2d 288, 293; *People v Furst,* 222 AD2d 299, 300; *People v Hayden,* 221 AD2d 367, 368).

The sentence imposed was not excessive (*see, People v Suitte,* 90 AD2d 80). Miller, J. P., Florio, McGinity and Luciano, JJ., concur.