■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER JACKSON, JR., Appellant. [671 NYS2d 331] —Appeal by the defendant from a judgment of the County Court, Orange County (Pano Z. Patsalos, J.), rendered May 2, 1996, convicting him of criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

defendant from a judgment of the Supreme Court, Queens County (McDonald, J.), rendered April 25, 1996, convicting him of robbery in the first degree, robbery in the second degree, criminal possession of stolen property in the fifth degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court's *Sandoval* ruling was a proper exercise of its discretion (*see, People v Walker,* 83 NY2d 455; *People v Mackey,* 49 NY2d 274; *People v Pitts,* 218 AD2d 715).

The trial court did not err in denying the defendant's motion to sever his trial from that of the codefendant. It is well settled that severance motions are addressed to the sound discretion of the trial court (*see, People v Mahboubian,* 74 NY2d 174; *People v Correa,* 188 AD2d 542). Severance is compelled only where the core of each defense is in irreconcilable conflict with the other and where there is a significant danger that the conflict alone would lead the jury to infer a defendant's guilt (*see, People v Cardwell,* 78 NY2d 996; *People v Mahboubian, supra; People v Correa, supra*). Moreover, where, as here, proof against the defendants is supplied by the same evidence, only the most cogent reasons warrant a severance (*see, People v Bornholdt,* 33 NY2d 75, *cert denied sub. nom. Victory v New York,* 416 US 905). In this case, the defenses asserted by each defendant were not in irreconcilable conflict with each other so as to compel severance.

The defendant's remaining contentions are without merit. O'Brien, J. P., Santucci, Altman and Friedmann, JJ., concur.