■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN BROWN, Appellant. [673 NYS2d 607] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered December 3, 1996, convicting him of attempted criminal sale of a controlled substance in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Appellate review of the issue raised by the defendant was effectively waived by him as part of his plea bargain. Accordingly, the judgment of conviction is affirmed (see, People v Callahan, 80 NY2d 273; People v Seaberg, 74 NY2d 1). Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LENWORTH BROWN, Appellant. [673 NYS2d 607] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rios, J.), rendered February 7, 1996, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the trial court did not err in denying his motions to sever his trial from that of the codefendant as the defendant failed to demonstrate that his defense and that of his codefendant were in "irreconcilable conflict" (People v Mahboubian, 74 NY2d 174, 184; People v Delossantos, 242 AD2d 581; People v Clark, 233 AD2d 460; People v Apolinar, 208 AD2d 548, 549).

The sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80). Miller, J. P., Thompson, Joy and Florio, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS BUSIELLO, Appellant. [673 NYS2d 1023] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated December 23, 1996 (People v Busiello, 234 AD2d 557), affirming a judgment of the County Court, Suffolk County, rendered May 18, 1995.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (see, Jones v Barnes, 463 US 745). Rosenblatt, J. P., O'Brien, Thompson and Luciano, JJ., concur.