■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL PENA, Appellant. [693 NYS2d 538] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered November 9, 1995, convicting defendant, after a jury trial, of attempted burglary in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 15 years to life, unanimously affirmed.

Defendant's suppression motion was properly denied in all respects. During the initial police encounter when defendant exited the building adjoining the crime scene, he was asked what he was doing in the building. He then voluntarily accompanied the officers to the apartment that he claimed to have been visiting. At no time was he physically restrained or told that he was under arrest. These circumstances constituted, at most, a common-law inquiry (*see, People v Bora*, 83 NY2d 531; *People v Alston*, 189 AD2d 555, *lv denied* 81 NY2d 881). There was ample foundation for such an inquiry, since defendant partially matched the description, radioed minutes earlier, of the perpetrator of a burglary in progress, and was the only person present. When his explanation was brought into question by the absence of anyone in the apartment to which he brought the officers, defendant was properly detained for a prompt on-the-scene showup (*see, People v Hicks*, 68 NY2d 234). We do not find the showup to have been unduly suggestive (*see, People v Duuvon*, 77 NY2d 541).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The circumstances of the attempted entry provided ample evidence of criminal intent (*see, People v Castillo*, 47 NY2d 270, 277-278).

We perceive no abuse of sentencing discretion. Concur—Rosenberger, J. P., Williams, Mazzarelli, Lerner and Buckley, JJ.