■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS LEON, Appellant. [696 NYS2d 221] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered June 24, 1997, convicting him of robbery in the first degree, robbery in the second degree, criminal possession of stolen property in the fifth degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, he was not unduly prejudiced by being tried jointly with the codefendant (*see,* CPL 200.40 [1]). "[S]everance is compelled where the core of each defense is in irreconcilable conflict with the other and where there is a significant danger, as both defenses are portrayed to the trial court, that the conflict alone would lead the jury to infer defendant's guilt" (*People v Mahboubian,* 74 NY2d 174, 184). Moreover, the decision to grant or deny severance lies in the sound discretion of the trial court (*see, People v*

*Mahboubian, supra,* at 183). In this case, both defendants claimed that they had been misidentified and had not participated in the crime. Thus, the defenses were not in irreconcilable conflict with each other so as to compel severance.

Furthermore, the defendant's argument that the showup identifications that were made by two witnesses near the scene of the crime were improper is without merit. While simultaneous showup procedures are generally disfavored (*see, People v Adams,* 53 NY2d 241), they are permissible when, as in this case, they are employed in close spatial and temporal proximity to the commission of the crime for the purpose of securing a prompt and reliable identification (*see, People v Love,* 57 NY2d 1023; *People v Burns,* 133 AD2d 642).

The defendant's remaining contentions are without merit. Ritter, J. P., Joy, H. Miller and Smith, JJ., concur.