■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINGO ECHEVARRIA, Appellant. [723 NYS2d 79] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered October 3, 1990, convicting

him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that he is entitled to a new trial because the trial court denied his severance motion. We disagree. "It is well settled that severance motions are addressed to the sound discretion of the trial court * * * Severance is not required solely because of hostilities among the defendants, differences in their trial strategies, or inconsistencies in their defenses, and is compelled only where the core of each defense is in irreconcilable conflict with the other and where there is a significant danger that the conflict alone would lead the jury to infer a defendant's guilt" (*People v Apolinar,* 208 AD2d 548, 549). The defenses of the defendant and the codefendant were identical, namely, that they had been misidentified as the perpetrators. Therefore, the defendant failed to demonstrate that the codefendant's defense was in irreconcilable conflict with his (*see, People v Leon,* 265 AD2d 344). To the extent that there was a conflict because the codefendant sought the admission of testimony concerning the viewing of the lineup, and the defendant wanted to exclude that testimony, that conflict alone would not lead the jury to infer the defendant's guilt. Any prejudice that the defendant may have suffered was minimal, as there was no testimony that the witness identified the defendant as the perpetrator, and the court gave a jury instruction (*see, People v Amato,* 238 AD2d 432). Thus, the trial court acted properly in not granting a severance.

The defendant's remaining contentions are without merit. Bracken, P. J., O'Brien, Goldstein and McGinity, JJ., concur.