**Johnny HINCAPIE, Petitioner,**

v.

**Charles GREINER, Superintendent of Sing Sing Correctional Facility, Respondent.**

**No. 97 CIV. 2661(MGC).**

United States District Court, S.D. New York.

Aug. 15, 2001.

Robert J. Boyle, New York, NY, for Petitioner.

Robert M. Morgenthau, District Attorney, New York County, New York, NY, By Donald J. Siewert, Assistant District Attorney, for Respondent.

*MEMORANDUM OPINION AND ORDER*

CEDARBAUM, District Judge.

Johnny Hincapie petitions for a writ of habeas corpus to vacate the judgment of conviction and sentence entered by Justice Edwin Torres on January 3, 1992 in New

York State Supreme Court, New York County. On December 10, 1991, after a seven week trial, a jury convicted petitioner of murder in the second degree, two counts of robbery in the first degree, and two counts of robbery in the second degree. On January 3, 1992, petitioner was sentenced to concurrent terms of twenty-five years to live imprisonment for murder, eight and one-third to twenty-five years for each count of first degree robbery, and five to fifteen years for each count of second degree robbery. On July 6, 1995, the Appellate Division, First Department, affirmed petitioner's conviction. *People v. Hincapie*, 217 A.D.2d 401, 629 N.Y.S.2d 416 (1st Dep't 1995). On September 20, 1995, the New York Court of Appeals denied petitioner's application for leave to appeal. *People v. Hincapie*, 86 N.Y.2d 843, 634 N.Y.S.2d 452, 658 N.E.2d 230 (1995). Petitioner is currently incarcerated at Sing Sing Correctional Facility.

Petitioner asserts three grounds for relief.[1] First, petitioner contends that he was denied his right under the Sixth and Fourteenth Amendments to present a complete defense when the trial judge excluded the videotaped confession of a co-defendant, Ricardo Lopez, in which Lopez allegedly exculpated petitioner. Second, petitioner contends that he was denied his right under the Sixth and Fourteenth Amendments to be confronted with the witnesses against him when Detective James Christie testified that at the time he questioned petitioner, he informed petitioner that a co-defendant, Emilio Fernandez, had already inculpated petitioner in the robbery. Fernandez did not testify at the trial. Third, petitioner contends that

he was denied his right under the Sixth and Fourteenth Amendments to be present during all material stages of his trial when Justice Torres went alone into the jury room to modify his instruction to the jury regarding the manner in which the jury should communicate with the court.

■ Title 28 U.S.C. § 2254(b)(1) provides that a petition for a writ of habeas corpus in federal court requires that the petitioner first exhaust all remedies available in state courts. In order to satisfy the exhaustion requirement, petitioner must have "fairly presented" the federal claim to the state courts. *See Petrucelli v. Coombe*, 735 F.2d 684, 687 (2d Cir.1984). In order to fairly present a federal claim to a state court, "the petitioner must have informed the state court of both the factual and the legal premises of the claim he asserts in federal court." *Daye v. Att'y Gen. of N.Y.*, 696 F.2d 186, 191 (2d Cir. 1982). Petitioner must then show that he has utilized all available appellate procedures at the state level.

In petitioner's application for leave to appeal to the New York Court of Appeals, petitioner raised only the issues of whether the trial court erred in refusing to admit the Lopez videotaped statement and whether his arrest violated the Fourth Amendment. Petitioner attached his Appellate Division brief to the application for leave to appeal. The Appellate Division brief raised six issues, including the right of confrontation and right to be present. Petitioner argues that by attaching his Appellate Division brief to his application letter to the Court of Appeals, he fairly presented that court with an opportunity to

---

1. In his initial petition, dated April 11, 1997, petitioner raised five grounds for relief. On March 12, 1998, petitioner's attorney, Robert J. Boyle, submitted an affidavit withdrawing Ground Three (that petitioner's statements should have been suppressed as involuntary

or taken in violation of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)) and Ground Five (that petitioners's statements should have been suppressed as the fruit of his unlawful arrest).

rule on all claims not mentioned in the application letter.

In *Grey v. Hoke*, 933 F.2d 117 (2d Cir. 1991), a habeas petitioner had raised three issues in a brief to the Appellate Division but mentioned only one of them in a letter application to the Court of Appeals. The Second Circuit held that the "fair import" of petitioner's submission to the Court of Appeals was that the unmentioned claims had been abandoned and the attached brief "did not fairly apprise the court of the . . . claims." *Grey*, 933 F.2d at 120. Moreover, the Court stated, "We decline to presume that the New York Court of Appeals has a duty to look for a needle in a paper haystack." *Id.; Jordan v. Lefevre*, 206 F.3d 196, 199 (2d Cir.2000).

 Petitioner specifically raised two issues in his letter application to the New York Court of Appeals and did not use his Appellate Division brief as a means of encompassing all additional issues that he sought to raise. Rather, petitioner only refers to his Appellate Division brief to buttress the two claims that he raised in his application letter. Accordingly, petitioner failed to fairly present the right of confrontation and right to be present claims to the New York Court of Appeals. *See Jordan*, 206 F.3d at 199 ("Had appellant more clearly stated that he was pressing all of the claims raised in the attached brief, or had his letter made no argument in detail but rather only request[ed that the Court of Appeals] consider and review all issues outlined in defendant-appellant's brief, the result here would be different and the remaining claims would have been fairly presented to the Court of Appeals.") (internal citations omitted).

Petitioner's failure to raise issues before the Court of Appeals precludes further consideration in the New York courts. *See* N.Y. Court Rules § 500.10(a). Moreover, collateral review of the claims is barred

because they were addressed on the merits on direct appeal. *See* N.Y.Crim. Proc. §§ 440.10(2)(a), (c). It would thus be fruitless to require petitioner to pursue these claims in state court, and thus the claims are deemed exhausted. *See Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir.1994); *Grey*, 933 F.2d at 120–21.

"Federal courts may address the merits of a claim that was procedurally defaulted in state court only upon a showing of cause for the default and prejudice to the petitioner." *Bossett*, 41 F.3d at 829. *See Murray v. Carrier*, 477 U.S. 478, 492, 106 S.Ct. 2639, 91 L.Ed.2d·397 (1986); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). "Cause may be demonstrated with a showing that the factual or legal basis for a claim was not reasonably available to counsel . . . or that some interference by state officials made compliance impracticable . . . or that the procedural default is the result of ineffective assistance of counsel." *Bossett*, 41 F.3d at 829 (internal citations omitted). Petitioner has failed to make any showing of cause for failing to raise these issues before the New York Court of Appeals. Moreover, petitioner cannot show that he has suffered any prejudice as a result of Justice Torres' solitary visit to the jury room to modify his instruction about the manner in which the jury should communicate with the court or as a result of Detective Christie's inclusion of Fernandez's statement in his testimony.

Accordingly, only petitioner's first claim, that the trial court violated his right under the Sixth and Fourteenth amendment by excluding the videotaped statement of Lopez, may be addressed. For the reasons discussed below, that claim does not support the issuance of a writ of habeas corpus, and the petition is denied.

## BACKGROUND

On the evening of September 2, 1990, petitioner and a group of his friends, on their way to a dance club, arrived at a subway station in Manhattan at 53rd Street and Seventh Avenue. Petitioner and several others in the group did not have enough money for admission into the club, so they separated from the larger group and sought to commit a robbery in the subway to obtain money. Brian Watkins, Sherwin Watkins (Brian's father), Karen Watkins (Brian's mother), Todd Watkins (Brian's brother), and Michelle Watkins (Todd's wife) were visiting from Utah and were targeted by petitioner and his friends as they stood on the subway platform. Petitioner and his friends accosted members of the Watkins family and a struggle ensued. Brian was fatally stabbed in the chest and approximately $150 was taken from his father.

When detectives later questioned petitioner, petitioner waived his *Miranda* rights, and made and signed a confession that detailed his participation in the robbery. His confession was also videotaped. At petitioner's trial, he sought to introduce the videotaped confession of his co-defendant Ricardo Lopez. In that tape, Lopez stated, "Johnny and Kevin left [the group that was planning to commit the robbery]." Lopez later repeated that "the two of them left." Lopez was unavailable to testify at petitioner's trial, and Justice Torres excluded the evidence as hearsay.

## DISCUSSION

Petitioner contends that the trial court interfered with his right to present a complete defense by excluding, as hearsay, Lopez's videotaped statement that petitioner was not among the group that committed the robbery. Petitioner argues that Lopez's statement should have been admitted pursuant to the declaration against penal interest exception to the hearsay rule and that Lopez's statement would have exonerated him of participation in the robbery.

■ "Erroneous evidentiary rulings do not automatically rise to the level of constitutional error.... [T]he writ would issue *only* where petitioner can show that the error deprived her of a *fundamentally fair trial*." *Taylor v. Curry*, 708 F.2d 886, 891 (2d Cir.1983) (emphasis in original); *see also Rosario v. Kuhlman*, 839 F.2d 918, 924 (2d Cir.1988). "A defendant is deprived of a fundamentally fair trial if, in the context of the entire record, the omitted evidence would have created a reasonable doubt that did not otherwise exist." *See Deutsch v. Jacobson*, 1997 WL 381930, at *3 (S.D.N.Y. July 8, 1997), *aff'd* 159 F.3d 1346, 1998 WL 513938 (2d Cir.1998). The evidence against petitioner was overwhelming, and Lopez's statement would not have created a reasonable doubt as to petitioner's guilt. Petitioner himself had confessed that he had joined in planning the robbery and that he knew that his accomplice, Emilio Fernandez, was armed with an orange boxcutter. He also had admitted that a second accomplice, Yull Gary Morales, was armed with a knife, and that Fernandez had ordered a male victim at knifepoint to turn over his money. He had confessed further that he held back a blonde woman to prevent her from assisting a man who had been knocked down during the robbery, and that an accomplice kicked this woman while petitioner was holding her. Petitioner also identified a photograph of Karen Watkins as the blonde woman whom he had grabbed during the robbery. Moreover, Karen Watkins identified petitioner in a lineup as one of the individuals that was present at the scene of the robbery. Accordingly, even if there had been an evidentiary error, the trial court's exclusion of Lopez's statement

did not rise to the level of a constitutional error warranting the issuance of a writ of habeas corpus.

## CONCLUSION

For the foregoing reasons, Johnny Hincapie's petition for a writ of habeas corpus is denied.

SO ORDERED.