■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD JOHNSON, Appellant. [745 NYS2d 51] —Appeal by the defendant from a judgment of the County Court, Westchester County (Leavitt, J.), rendered May 21, 1997, convicting him of murder in the second degree, attempted robbery in the first degree, attempted robbery in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that he is entitled to a new trial because the trial court denied his severance motion. We disagree. "It is well settled that severance motions are addressed to the sound discretion of the trial court * * * Severance is not required solely because of hostilities among the defendants, differences in their trial strategies, or inconsistencies in their defenses, and is compelled only where the core of each defense is in irreconcilable conflict with the other and where there is a significant danger that the conflict alone would lead the jury to infer a defendant's guilt" (*People v Echevarria,* 282 AD2d 470, 471 [internal quotation marks omitted]). The defenses of the defendant and the codefendant were identical, namely, that they were mere innocent bystanders who happened upon a robbery already in progress. Therefore, the defendant failed to demonstrate that the codefendant's defense was in irreconcilable, conflict with his (*see People v Mahboubian,* 74 NY2d 174; *People v Leon,* 265 AD2d 344).

The trial court properly permitted the People to rehabilitate the credibility of an accomplice-witness on redirect examination by eliciting certain portions of a letter written by that accomplice-witness. The record reveals that the defendant "opened the door" to such questioning by eliciting portions of that same letter during cross-examination of that same accomplice-witness. The "opening the door" theory "merely allows a party to explain or clarify on redirect matters that have been put in issue for the first time on cross-examination" (*People v Melendez,* 55 NY2d 445, 452). Moreover, "in situations where only a part of a statement has been brought out on cross-examination, the other parts may be introduced on redirect examination for the purpose of explaining or clarifying the statement" (*People v Melendez, supra* at 451-452). The People's redirect examination of the accomplice-witness was properly limited to the subject matter of cross-examination (*see People v Boyd,* 58 NY2d 1016).

The defendant's remaining contentions, including those

raised in his supplemental pro se brief, are without merit. Feuerstein, J.P., O'Brien, Townes and Cozier, JJ., concur.