■ The People of the State of New York, Respondent, v Jeffrey L. Watkins, Appellant. [781 NYS2d 701]—

Appeal by the defendant from a judgment of the County Court, Dutchess County (Hayes, J.), rendered March 5, 2002, convicting him of burglary in the first degree (four counts), robbery in the first degree (four counts), and robbery in the second degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims that he is entitled to a new trial because the trial court denied a severance motion. We disagree. "It is well settled that severance motions are addressed to the sound discretion of the trial court . . . Severance is not required solely because of hostilities among the defendants, differences in their

trial strategies, or inconsistencies in their defenses, and is compelled only where the core of each defense is in irreconcilable conflict with the other and where there is a significant danger that the conflict alone would lead the jury to infer a defendant's guilt" (*People v Johnson*, 296 AD2d 422 [2002] [internal quotation marks omitted]; *People v Echevarria*, 282 AD2d 470, 471 [2001]; *People v Apolinar*, 208 AD2d 548, 549 [1994]). The defendant failed to demonstrate that the core of the codefendant's alibi defense was in irreconcilable conflict with his, and that there was a significant danger, as both defenses were portrayed to the trial court, that the conflict alone would lead the jury to infer the defendant's guilt (*see People v Mahboubian*, 74 NY2d 174 [1989]). The trial court providently exercised its discretion in denying the motion for a severance. In any event, in light of the overwhelming evidence of the defendant's guilt, and the fact that neither the defendant nor his codefendant implicated the other in the crime, any purported error was harmless (*see People v Beltre*, 266 AD2d 306 [1999]; *People v Williams*, 256 AD2d 138 [1998]; *People v Paterson*, 227 AD2d 348 [1996]). H. Miller, J.P., Goldstein, Luciano and Spolzino, JJ., concur.