■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PRINCE R. CLARK, JR., Appellant. [885 NYS2d 797]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered February 22, 2006. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree (two counts), criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree (two counts) and criminally using drug paraphernalia in the second degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury trial of, inter alia, two counts each of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1], [12]) and criminally using drug paraphernalia in the second degree (§ 220.50 [2], [3]). We reject the contention of defendant that County Court abused its discretion in denying his motion to sever his trial from that of his codefendant. "The 'core of each defense [was not] in irreconcilable conflict with the other and . . . there [was no] significant danger, as both defenses [were] portrayed to the trial court, that the conflict alone would lead the jury to infer defendant's guilt' " (*People v Bolling*, 49 AD3d 1330, 1332 [2008], quoting *People v Mahboubian*, 74 NY2d 174, 184 [1989]; *see People v Cardwell*, 78 NY2d 996, 997-998 [1991]). Although at least one comment made by the codefendant's attorney on summation was unfavorable to defendant, that single display of hostility did not warrant severance (*see People v Watkins*, 10 AD3d 665, 665-666 [2004], *lv denied* 3 NY3d 761 [2004]). Also contrary to the contention of defendant, he did not establish his entitlement to severance on the ground that he would have been subjected to prejudicial cross-examination by the attorney for his codefendant had defendant testified (*see generally People v McGee*, 68 NY2d 328, 333 [1986]). "At no stage of the proceedings [did] defendant establish[ ] that his potential testimony would have given the codefendant an incentive to impeach his credibility" (*People v*

*Frazier*, 309 AD2d 534, 534 [2003], *lv denied* 1 NY3d 571 [2003]). Present—Smith, J.P., Fahey, Carni, Pine and Gorski, JJ.