# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

680

KA 09-02092

PRESENT: CENTRA, J.P., LINDLEY, SCONIERS, VALENTINO, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

SHANNON J. CAMPBELL, ALSO KNOWN AS JOHN DOE,
DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANE I. YOON OF
COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (ERIN TUBBS OF COUNSEL),
FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Monroe County
(Daniel J. Doyle, J.), rendered August 20, 2009. The judgment
convicted defendant, upon a jury verdict, of rape in the first degree
(two counts), criminal sexual act in the first degree (two counts) and
assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: Defendant appeals from a judgment that convicted him
upon a jury verdict of, inter alia, two counts of rape in the first
degree (Penal Law § 130.35 [1]). Viewing the evidence in light of the
elements of the crimes as charged to the jury (*see People v Danielson*,
9 NY3d 342, 349), we conclude that the verdict is not against the
weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490,
495). While the record establishes that the victim was able to
provide only a general description of her attackers and her DNA was
not detected on the exterior of the condom matching defendant's DNA,
the jury was entitled to infer from the circumstances that the condom
matching defendant's DNA was left at the scene when the crime was
committed (*see generally People v Gibson*, 74 AD3d 1700, 1703, *affd* 17
NY3d 757; *People v Dearmus*, 48 AD3d 1226, 1228, *lv denied* 10 NY3d 839;
*People v Rush*, 242 AD2d 108, 110, *lv denied* 92 NY2d 860,
*reconsideration denied* 92 NY2d 905).

We further reject defendant's contention that he was unduly
prejudiced by a joint trial. Specifically, defendant contends that
his "defense was constrained by his codefendant's decision to assert
an alibi defense" because the "jury might [have] assume[d] that his
defense . . . rises or falls with the co[]defendant's alibi claim,"
and that defendant was "inhibited from [testifying], since his

codefendant would not be bound by any *Sandoval* ruling."  In *People v Cardwell* (78 NY2d 996), the Court of Appeals reiterated its "two-part test for determining whether severance is required, stating that 'severance is compelled where the core of each defense is in irreconcilable conflict with the other and where there is a significant danger, as both defenses are portrayed to the trial court, that the conflict alone would lead the jury to infer defendant's guilt' " (*id.* at 997-998).

Here, the defenses of defendant and his codefendant did not pose an "irreconcilable conflict" (*id.* at 998).  Specifically, the codefendant claimed that he did not know defendant, and he and defendant each denied having had sexual contact with anyone near the subject scene at any time, including with the victim on the night in question.  Similarly, neither of the codefendant's alibi witnesses implicated defendant in any way.  Defendant thus failed to demonstrate that the core of his codefendant's alibi defense was in irreconcilable conflict with his own defense, and that there was a significant danger that the conflict would lead the jury to infer his guilt (*see People v Watkins*, 10 AD3d 665, 665-666, *lv denied* 3 NY3d 761; *see also People v Ortiz*, 262 AD2d 988, 988, *lv denied* 94 NY2d 827).

Contrary to defendant's further contention, "he did not establish his entitlement to severance on the ground that he would have been subjected to prejudicial cross-examination by the attorney for his codefendant had defendant testified" (*People v Clark*, 66 AD3d 1489, 1489, *lv denied* 13 NY3d 906).  " 'At no stage of the proceedings [did] defendant establish[ ] that his potential testimony would have given the codefendant an incentive to impeach his credibility' " (*id.*).

Finally, defendant's sentence is not unduly harsh or severe. Defendant failed to preserve for our review his further contention that, in sentencing defendant, Supreme Court penalized him for exercising his right to a jury trial (*see People v Stubinger*, 87 AD3d 1316, 1317, *lv denied* 18 NY3d 862).  In any event, " '[t]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial' " (*id.*).  Indeed, there is no indication in the record that "the court was motivated by 'retaliation or vindictiveness' in sentencing defendant following the trial" (*People v Flinn*, 98 AD3d 1262, 1264, *affd* 22 NY3d 599, *rearg denied* 23 NY3d 940).

Entered:  June 20, 2014                    Frances E. Cafarell
                                           Clerk of the Court