# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1349**
**KA 13-01615**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

REGINALD BOYKINS, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR
DEFENDANT-APPELLANT.

VALERIE G. GARDNER, DISTRICT ATTORNEY, PENN YAN (DAVID MASHEWSKE OF
COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Yates County Court (W. Patrick
Falvey, J.), rendered June 10, 2013. The judgment convicted
defendant, upon a jury verdict, of criminal possession of a controlled
substance in the third degree and criminal sale of a controlled
substance in the third degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him,
upon a jury verdict, of criminal possession of a controlled substance
in the third degree (Penal Law § 220.16 [1]), and criminal sale of a
controlled substance in the third degree (§ 220.39 [1]). Defendant
contends that County Court deprived him of his constitutional right to
a fair trial by failing to excuse a prospective juror who did not
unequivocally assure the court of her impartiality. " 'By failing to
raise that challenge in the trial court . . . , defendant failed to
preserve it for our review' " (*People v Irvin*, 111 AD3d 1294, 1295, *lv
denied* 24 NY3d 1044, *reconsideration denied* 26 NY3d 930). "In any
event, 'even if defendant had challenged [that] prospective juror[] .
. . and his challenge[] had merit, [it] nevertheless would not be
properly before us because he failed to exhaust his peremptory
challenges prior to the completion of jury selection' " (*id.*). We
reject defendant's related contention that he was denied effective
assistance of counsel based on defense counsel's alleged failure to
challenge the prospective juror inasmuch as defendant has "failed to
show the absence of a strategic explanation" for defense counsel's
decision not to challenge that juror (*id.* at 1296 [internal quotation
marks omitted]). The record does not support defendant's further
contention that he was denied his right to a jury trial by 12 jurors.
Defendant asserts that there were less than 12 jurors present during
the trial on a certain day, but the trial minutes establish that the

Court Clerk stated that "[a]ll Jurors [were] accounted for."

We reject defendant's further contention that reversal is required based upon a *Rosario* violation. " 'Reversal based upon a *Rosario* violation is necessary only when a defendant demonstrates that he has been substantially prejudiced' " (*People v Walters*, 124 AD3d 1321, 1323, *lv denied* 25 NY3d 1209), and defendant has not made such a showing here (*see id.*).

By making only a general motion for a trial order of dismissal, defendant failed to preserve for our review his contention that the evidence is not legally sufficient to support his conviction (*see People v Gray*, 86 NY2d 10, 19). In any event, we conclude that the conviction is supported by legally sufficient evidence (*see People v Bleakley*, 69 NY2d 490, 495). Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we further conclude that the verdict is not against the weight of the evidence (*see Bleakley*, 69 NY2d at 495).

Defendant failed to preserve for our review his contention that, in sentencing him, the court "penalized him for exercising his right to a jury trial" (*People v Campbell*, 118 AD3d 1464, 1466, *lv denied* 24 NY3d 959, *reconsideration denied* 24 NY3d 1218). "In any event, [t]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to a trial" (*id.* [internal quotation marks omitted]).

Contrary to defendant's contention, the sentence is not unduly harsh or severe. "The court properly exercised its discretion when it adjudicated defendant a persistent felony offender and sentenced him accordingly" (*People v Mason*, 277 AD2d 170, 170, *lv denied* 96 NY2d 785). We have examined defendant's remaining contention and conclude that it lacks merit.

Entered:  December 31, 2015                    Frances E. Cafarell
                                               Clerk of the Court