■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOWARD SCHREIBER, Appellant. [673 NYS2d 444] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (J. Goldberg, J.), rendered July 1, 1996, convicting him of assault in the second degree (two counts), criminal mischief in the fourth degree, resisting arrest, and unlawfully possessing noxious materials, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to police.

Ordered that the judgment is affirmed.

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress statements he made to a police detective. Although the defendant's state-

ments were made in the absence of *Miranda* warnings, the statements were voluntary and spontaneous, and were not the product of police interrogation (*see, People v Lynes*, 49 NY2d 286, 293-295; *People v Rosario*, 245 AD2d 470; *People v Morgan*, 226 AD2d 398, 401). The detective did not engage in "police conduct which should reasonably have been anticipated to evoke a declaration from the defendant" (*People v Lynes, supra*, at 295) when he arrested the defendant, introduced himself, and advised the defendant of the charges against him.

The defendant's contention that the evidence was legally insufficient to establish his guilt of assault in the second degree is unpreserved for appellate review (*see*, CPL 470.05 [2]; *People v Udzinski*, 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the People (*see, People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see*, CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Rosenblatt, J. P., Miller, Thompson and Santucci, JJ., concur.