■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SUMMA, Appellant. [821 NYS2d 909]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered June 5, 2003, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the cumulative effect of misconduct by the prosecutor during summation deprived him of a fair trial and constituted reversible error is without merit. "Although the prosecutor, on more than one occasion during [her] summation, overstepped the bounds of proper advocacy, we conclude that, in light of the overwhelming evidence of guilt, there was no significant probability the jury would have acquitted the defendant had the errors not occurred and thus, he was not deprived thereby of a fair trial" (*People v Trinidad*, 22 AD3d 612 [2005]; *see People v Joseph*, 20 AD3d 435 [2005]; *People v Williams*, 13 AD3d 660 [2004]; *People v Oglesby*, 7 AD3d 736 [2004]; *People v Johnson*, 267 AD2d 403, 403-404 [1999]; *see also People v Crimmins*, 36 NY2d 230 [1975]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Schmidt, J.P., Santucci, Skelos and Covello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID WILLIAMS, Also Known as DEANDRE WILLIAMS, Appellant. [821 NYS2d 902]—Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated December 16, 1991 (*People v Williams*, 178 AD2d 570 [1991]), affirming a judgment of the County Court, Westchester County, rendered October 17, 1989.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see Jones v Barnes*, 463 US 745 [1983]; *People v Stultz*, 2 NY3d 277 [2004]). Prudenti, P.J., Ritter, Santucci and Krausman, JJ., concur.