■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAIAH WHITEHURST, Appellant. [895 NYS2d 523]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chambers, J.), rendered June 14, 2007, convicting him of attempted murder in the second degree, assault in the first degree, criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the fourth degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of the crimes of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of those crimes beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

The prosecutor's comments during summation that the People's witnesses testified as to what they "honestly remember happening," and that the jury should not "buy" into the defendant's testimony that he merely picked up the weapon used in the crimes after someone else committed them, did not exceed the bounds of rhetorical comment permissible in closing argument, and constituted either fair comment on the evidence that was presented or fair response to the defense summation (see People v Summa, 33 AD3d 735 [2006]; People v McHarris, 297 AD2d 824 [2002]; People v Ryan, 240 AD2d 775 [1997]). Although the prosecutor's comment that the defendant did not deserve the jury's sympathy was improper, the error was harmless.

The defendant failed to preserve for appellate review the remainder of his challenges to the remarks made by the prosecutor during summation, as defense counsel either did not object to them, or raised only a general objection (*see* CPL 470.05 [2]; *People v Gill*, 54 AD3d 965, 966 [2008]; *People v Robbins*, 48 AD3d 711 [2008]; *People v Salnave*, 41 AD3d 872 [2007]). In any event, none of these additional challenged remarks exceeded the bounds of permissible rhetorical comment, and they constituted fair comment on the evidence or fair response to the defense summation.

Contrary to the defendant's contention, defense counsel's failure to object to the prosecutor's remarks during summation did not deprive him of the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Robbins*, 48 AD3d 711 [2008]; *People v Gonzalez*, 44 AD3d 790 [2007]). Dillon, J.P., Miller, Eng and Roman, JJ., concur.