■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBEN FERNANDEZ, Appellant. [910 NYS2d 140]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered April 1, 2008, convicting him of robbery in the second degree, grand larceny in the fourth degree, unlawful imprisonment in the first degree (two counts), and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Demakos, J.H.O.), of those branches of the defendant's omnibus motion which were to suppress identification evidence, his statements to law enforcement officials, and physical evidence.

Ordered that the judgment is affirmed.

The trial court providently exercised its discretion in precluding expert testimony concerning the effects of stress on the accuracy of eyewitness identification and the absence of a correlation between eyewitness confidence and accuracy. "As a general rule, the admissibility and limits of expert testimony lie primarily in the sound discretion of the trial court. 'It is for the trial court in the first instance to determine when jurors are able to draw conclusions from the evidence based on their day-to-day experience, their common observation and their knowledge, and when they would be benefited by the specialized knowledge of an expert witness' " (*People v Lee*, 96 NY2d 157, 162 [2001], quoting *People v Cronin*, 60 NY2d 430, 433 [1983]), where the case hinges on the accuracy of eyewitness identification and there is little or no corroborative evidence connecting the defendant to the crime (*see People v LeGrand*, 8 NY3d 449, 452 [2007]; *People v Harris*, 74 AD3d 984 [2010]). Here, however, there was sufficient corroborating evidence connecting the de-

fendant to the crime to obviate the need for expert testimony (*see People v Abney*, 13 NY3d 251, 269 [2009]; *People v Young*, 7 NY3d 40 [2006]; *People v Lee*, 96 NY2d 157 [2001]). The defendant was found shortly after the crime, in the vicinity of the crime, exiting the backyard of a home which he did not live in or own. He fled from the police, demonstrating consciousness of guilt, was identified independently by the complainant and an eyewitness, and made incriminatory statements.

The defendant further claims that the prosecutor's summation deprived him of a fair trial. Although the defendant's challenges to some of the prosecutor's comments are unpreserved for appellate review, defense counsel preserved his objections to certain comments by the prosecutor, who argued that defense counsel was "wrong" when he purportedly accused the complainant and the eyewitness of lying because, during his summation, defense counsel stressed that these witnesses were traumatized and could be honestly mistaken. However, the trial court sustained those objections to the prosecutor's most troublesome comments and instructed the jury that comments by the attorneys, and, more particularly, comments by the prosecutor to which objections were made and sustained, were to be disregarded "completely." Any error resulting from the challenged comments was harmless, since the evidence of the defendant's guilt was overwhelming and, in view of the trial court's corrective action, there is no significant probability that such error contributed to his convictions (*see People v Crimmins*, 36 NY2d 230, 242 [1975]; *People v Summa*, 33 AD3d 735 [2006]).

Those branches of the defendant's omnibus motion which were to suppress identification evidence, his statements to law enforcement officials, and physical evidence were properly denied (*see People v Parris*, 70 AD3d 725 [2010]; *People v Schreiber*, 250 AD2d 786 [1998]).

The defendant's remaining contentions set forth in his supplemental pro se brief are unpreserved for appellate review or involve matter dehors the record. Fisher, J.P., Santucci, Eng and Sgroi, JJ., concur.